# SUPREME COURT.

## WILLIAM A. SHARPE, appellant, agt. SAMUEL JOHNSON and others, respondents.

A *contract* that the plaintiff is to make, for the defendants, three or four models of a mowing machine *at once and without delay*, means that the work shall be done as soon as it can reasonably be performed by the plaintiff.

Where no price is agreed upon for the models, the law fixes the price at what the articles when made and delivered. shall be reasonably worth.

Such a contract is entire for the making of the three or four models. This leaves it optional with the plaintiff whether he will make three or four—no orders on the subject being given by the defendants. By making *three*, therefore, he completes the contract, as to the amount of work and labor and materials to be done and furnished.

Where it is found as a fact that the first model was made and delivered in time, but that the other two was not made and delivered in time, the defendant by accepting the first model did not become liable to pay for that. That was only part performance. The contract was not performed by the plaintiff so as to entitle him to recover anything, until all three were made and delivered or in readiness for delivery, in pursuance of the entire contract.

Before a party can recover upon a contract he must show that he has performed on his part. If he counts in his complaint simply for work and labor, the other party may defeat the action by setting up as a defense, and proving that the work and labor was done in pursuance of a contract between the parties, which has not been performed by plaintiff.

*Fourth Department, General Term,* 1871.

*Argued November,* 1870.  *Decided, January,* 1871.

*Before* MULLIN *P. J.,* JOHNSON *and* TALCOTT, *JJ.*

THIS was an appeal brought by the plaintiff from a judgment in his favor, entered upon the report of Irving G. Vann, Esq., referee, in an action to recover pay for three model mowers, made by the plaintiff for the defendants.

It appeared that on the 2d day of May, 1868, the defendants, who were partners, wrote to the plaintiff asking him if he could make some mower models for them, and stating that they must have three or four *at once;* the plaintiff re-

plied, under date of May 4th, 1868, that he could make the models for them, and would begin the following Thursday, and closed his letter by saying that: "the matter would admit of no delay and to be useful must be prosecuted rapidly," that the plaintiff made the patterns, which were necessary, in order to construct the models, and on the 31st of July, 1868, completed and delivered the first model to the defendants; that on the 14th of November, 1868, the plaintiff completed two other models of said mower, and shipped them by express to the defendants, who refused to receive the same; that a longer time was required to make the first model than to make either of the others.

The referee reported that the first model was completed without unreasonable delay, but that the other two models were neither of them made at once, as required by the agreement, and not until after an unreasonable time had elapsed, that the two last models were not made in accordance with the terms of the agreement, and that the plaintiff was not entitled to payment therefor; and ordered judgment for the plaintiff for what it was worth to make the patterns and the first model, amounting to $208 50, no evidence was given as to whether the defendants assented to the continuance of the work after a reasonable time for making the models had elapsed, or not, and no price for the models was ever agreed upon.

N. B. SMITH, *for respondents.*
WM. C. RUGER, *for appellant.*

*By the court,* JOHNSON, J.—The contract as found by the referee was, that the plaintiff was to make three or four models of a mowing machine, at once, and without delay. It is objected on the part of the plaintiff, that this finding of fact is without evidence to sustain it, and is against the evidence. But, I think, the finding is fully justified by the evidence. This seems to me to be the fair and reasonable

deduction from the letters, and all the other facts and circumstances attending the making of the contract. The meaning of the contract as found is, that the work should be done as soon as it could reasonably be performed by the plaintiff. The legal nature and character of the contract is not for the sale and delivery of the models by the plaintiff, but for work, labor and materials to be done and furnished by the plaintiff for the defendants, (*Prince* agt. *Down*, 2 *E. D. Smith*, 525; *Courtright* agt. *Stewart*, 19 *Barb.*, 455; *Donovan* agt. *Wilson*, 26 *Barb.*, 138 ; *Parker* agt. *Schenck*, 28 *Barb.*, *Stephens* agt. *Santee*, 51 *Barb.*, 532).

No price was agreed upon for the models, consequently the law fixes the price at what the articles when made and delivered, should be reasonably worth if delivered in time.

The contract was entire for the making of three or four models. This left it optional with the plaintiff whether he would make three or four. It was necessarily at the plaintiff's option whether he would make three or four, as the defendants gave no orders on the subject. It must be deemed to have been left to him to decide on the number. By making three, therefore, he completed the contract as to the amount of work and labor, and materials to be done and furnished. The only question is, whether the work was performed in time. The referee has found as matter of fact, that the first model was completed without unreasonable delay, but that the two others were not made at once according to the contract, and not until after an unreasonable time had elapsed. From this he holds and decides as a conclusion of law, that the plaintiff was entitled to recover the value of the first model, but not for the other two. No such legal result follows from the facts found. According to the facts found, the plaintiff was legally entitled to recover the whole, or nothing, That the contract as found was an entire contract for the making and delivery of three or four machines, cannot, I think, be doubted. It was in no respect divisible, either as to number, time,

price or day of payment, but the whole were to be made without delay.

By accepting one model which was made in time, the defendant did not become liable to pay for that. That was only part performance. The contract was not per-formed by the plaintiff so as to entitle him to recover any-thing, until all three were made and delivered or in readiness for delivery. There is nothing in the agreement from which it can be inferred that it was for separate models, each to be paid for on delivery or as the work progressed. Such being the case, the acceptances of one created no liability whatever unless the entire contract was afterwards per-formed, or the further performance waived by the defend-ants before the time for complete performance had expired. (*Paige* agt. *Ott*, 5 *Denio*, 406).

Before a party can recover upon a contract he must show that he has performed on his part. If he counts in his com-plaint simply for work and labor, the other party may defeat the action by setting up as a defense and proving that the work and labor was done in pursuance of a contract be-tween the parties which has not been performed by plain-tiff.

In the present case the defendants do not appeal, and the error above suggested is of no consequence, and does not affect the correctness of the judgment, except so far as it may tend to bring out more clearly, and illustrate some error committed against the plaintiff who is the appellant. He cannot of course, and does not complain, that he has re-covered a portion of his claim only, when he was not entitled to recover at all. His position is that the recovery is for a part of his claim only, when it should have been for the whole. He insists that he has performed his contract, he has in my opinion fulfilled and performed on his part in all respects, except that of time. Indeed there is no complaint of any other breach. This being the case, his right to recover depended upon the question, whether the defendants

by their conduct had not waived strict performance in that particular. If they had, the work having been done, the plaintiff was entitled to recover. Though, in such a case, the defendants would be entitled to recoup under a proper answer the damages they had sustained by reason of the non-performance in that particular. The recovery in such case is not upon the contract strictly, but rather upon the implied promise to pay for the work, labor and materials. The cases on this question are quite numerous in our own reports, only a few of which will be cited (*Howell* agt. *Schoeppell*, 4 *Cow.*, 564; *Smith* agt. *Gugerty*, 4 *Barb.*, 614; *Merrill* agt. *The Ithica & Oswego R.R. Co.*, 16 *Wend.*, 586).

The question whether the defendants consented to the continuance of the work, after a reasonable time for making the models had expired, does not seem to have been tried before the referee, and has not been decided by him—what would amount to an assent would be a question of law, where there was no dispute as to the facts. If the evidence was conflicting, it would be a question of fact for the jury or the referee. Here the first model was not delivered until the 31st of July, after the agreement was made, and the defendant accepted it without objection. They certainly had notice then that the plaintiff was engaged in the work. As nothing was said between them at that time on the subject, it is to be presumed the defendants knew the plaintiff was going on with the work, and if they did not object that the time had expired, it will be presumed that they assented to his going on, and doing what was yet necessary to be done, to complete the job. It does not appear that the defendants objected to receiving the two last models, on the ground that they had not been made in time. According to the testimony of the defendant, Johnson, he refused to receive the last models on the ground that they had never been ordered by the defendants. It might be presumed in support of the judgment, that the referee had

Sharpe agt. Johnson.

found that the defendants did not consent to the continuance of the work after the first model had been sent and accepted, if such finding would support the judgment, but it would have no such tendency, because it is apparent that the case was tried and decided upon an entirely different theory. The judgment would still be inconsistent with the facts found, and that fact in addition.

In such a case, nothing will be presumed that does not appear in the report of the referee. On another trial, if it shall appear that the two last models were not made in due time, according to the true intent and meaning of the agreement, the question of the defendant's assent to the continuance of the work afterwards, can be tried and determined. That question has not been tried or determined as the case now stands. I think, the plaintiff's exception to the conclusions of law, are broad enough to cover this question.

The judgment must, therefore, be reversed, and a new trial ordered, with costs to abide the event.