| 101　621 |
| 29a 516 |

J. YOUNG SCAMMON

*v.*

THE GERMANIA INSURANCE COMPANY.

*Filed at Ottawa November 10, 1881—Rehearing denied March Term, 1882.*

1. INSURANCE—*policy construed as to time of furnishing proofs of loss.* Where an insurance policy provides, that "in case of loss assured shall forthwith give notice of said loss,  *  *  *  and as soon after as possible render a particular account of such loss," the words *"forthwith,"* and *"as soon as possible,"* will be construed to mean within "a reasonable time," "without unreasonable delay," and are the equivalent of "due diligence."

2. SAME—*delay to furnish proofs, when unreasonable.* A policy of insurance required that notice of a loss should be given forthwith, and proofs of the particulars of the loss rendered as soon thereafter as possible, and payment was not to be made until sixty days after such proof. No attempt was made to furnish the company such proofs for more than nine months after a loss, and no excuse was shown for the delay: . *Held,* that the delay was unreasonable, and that no recovery could be had on the policy.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. T. A. MORAN, Judge, presiding.

Mr. FRANCIS H. KALES, for the appellant:

The notice of loss in this case was served in apt time. *Knickerbocker Ins. Co.* v. *McGinnis,* 87 Ill. 70; *Palmer* v. *Insurance Co.* 44 Wis. 201; *Sympson* v. *Henderson,* 22 Eng. C. L. 313.

The cases cited are express authority that the word "forthwith" is not to be taken literally, but is to be construed to mean within a reasonable time.

The proofs of loss, in view of the provisions of the policy, were made in good time. The words "as soon as possible," mean within a reasonable time, under all the circumstances. See cases cited above, and *Eastern R. R. Co.* v. *Relief, etc. Ins. Co.* 105 Mass. 570.

The peculiar insurance contract in this case, if strictly construed, gave to the plaintiff a reasonable time, before the expiration of ten months after the loss, provided there was early and timely notice of the loss. Such contracts being unipartite or unilateral, and filled with conditions inserted by persons skilled in the learning of insurance law, are to be liberally construed for the insured, and strictly as to the insurance company. *Insurance Co.* v. *Wilkinson,* 13 Wall. 233; *Aurora Ins. Co.* v. *Eddy,* 49 Ill. 106; Wood on Insurance, 140, 141, and cases there cited; Bliss on Life Insurance, 656.

The loss is not, by the terms of the policy, to be payable until the expiration of sixty days from the time of furnishing such proofs. The plaintiff is to have one year from the time of the loss within which to bring his suit,—to avail himself of which, and yet give the insurer sixty days before suit brought, the proofs under the policy must be furnished to the company within ten months from the time of the loss. This

construction can stand, if the words "as soon after as possible," or "forthwith," are held to mean a reasonable time; and, perhaps, in this case, where the consequences of delay in furnishing proofs of loss are expressly stated, to-wit: 'that the loss shall not be payable until they are furnished, the construction here suggested would stand, even if these expressions were taken literally.

Mr. LAWRENCE PROUDFOOT, for the appellee:

All of the adjudicated cases, without a single exception, hold that strict compliance with the provisions of the policy in regard to the serving of notice and the proofs of loss is a condition precedent, and that no action can be maintained unless this condition has been performed. *Edgley* v. *Farmers' Fire Ins. Co.* 43 Iowa, 587; *Blossom* v. *Lycoming Fire Ins. Co.* 64 N. Y. 162; *Wood* v. *Worsley*, 6 Term Rep. 710; *Inman* v. *Western Fire Ins. Co.* 12 Wend. 452.

The word "forthwith" means without unnecessary delay. May on Insurance, sec. 462; *Peoria Marine and Fire Ins. Co.* v. *Lewis et al.* 18 Ill. 560; *Cornell* v. *LeRoy*, 9 Wend. 166; *St. Louis Ins. Co.* v. *Kyle*, 11 Mo. 289; *Inman* v. *Western Fire Ins. Co.* 12 Wend. 452; *Knickerbocker Ins. Co.* v. *Gould*, 80 Ill. 389; May on Insurance, sec. 464.

That the delay in furnishing proof of the loss is fatal to a recovery, see *Sherwood* v. *Agricultural Ins. Co.* 10 Hun, (17 N. Y.) 593; *Bell* v. *Lycoming Fire Ins. Co.* 19 Hun, 239; *Blossom* v. *Lycoming Fire Ins. Co.* 64 N. Y. 162; *Miller* v. *Hamilton Ins. Co.* 17 id. 609; *Inman* v. *Western Ins. Co.* 12 Wend. 452; *Kimball et al.* v. *Howard Ins. Co.* 8 Gray, 33; *Wheeler* v. *Field*, 6 Metc. 295; *Prescott Bank* v. *Coverly*, 7 Gray, 221; *Trask* v. *State Fire and Marine Ins. Co.* 29 Pa. St. 198.

The law is well settled, that though the company may know of the loss, it does not excuse the giving of notice and proofs of loss, and that the conditions must be strictly com-

plied with, unless waived. *Edwards* v. *Lycoming Fire Ins. Co.* 75 Pa. St. 378; *Patrick* v. *Farmers' Ins. Co.* 43 N. H. 621; *Beatty* v. *Lycoming Fire Ins. Co.* 66 Pa. 9.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought on a policy of insurance issued by the Germania Fire Insurance Company to J. Young Scammon. The property covered by the policy was totally destroyed by fire on the 14th day of July, 1874. Notice of the loss was served on the local agent of the company on the 5th of August next thereafter, and by him transmitted to the office of the company, located in the city of New York. "Proofs of loss" were delivered to the local agent at Chicago on the 23d day of April, 1875, and the same were by him transmitted to the general agent of the company at New York. It is not proven the "proofs of loss" reached the principal office of the company before the 10th of May, 1875. Under the date of the 12th of May, 1875, the general agent acknowledged the receipt at his office of the "proofs of loss," and notified the assured "they were furnished too late." In case of loss, assured was obligated by a clause in the policy to "forthwith give notice of said loss to the companies, through their general agent in the city of New York, and as soon after as possible render a particular account of such loss." The defence in the court below was placed mainly on the ground there had been no compliance by the assured with this clause of the policy. As respects the "notice of loss," whether it was given in apt time or not need not be considered, as there is another objection insisted upon that is fatal to any recovery in the present case.

When "proofs of loss," which the assured was obligated to furnish, were delivered to the agent of the companies in New York, objection was promptly made, and the assured notified "they were furnished too late." That raises the distinct question whether the proofs of loss in this case were fur-

nished in time by assured to constitute a compliance with
his insurance contract. The argument made is not incon-
sistent with the proposition there must be what is equivalent
to a compliance with the provision of the policy requiring
proofs of loss to be made, whatever that provision may mean,
by furnishing proofs of loss to the company, before any action
can be maintained on the policy; but the position is taken
with a view to avoid the force of the provision, "proofs of
loss" must be furnished as soon after the loss "as possible."
The clause of the policy requiring sworn proofs of loss is not
introduced into the policy as a condition, or if there be an
implied condition, the consequence of a non-observance is
expressly stated, viz: the loss shall not be payable until such
proofs are made, but not that the policy shall for that reason
be forfeited, and hence it is insisted, as assured had one year
from the time of loss within which to bring his action, to
avail of which, and yet give the insurer sixty days' notice
before suit is brought, proofs of loss, under the policy, may
be furnished to the company within ten months of the time
of the loss. The argument on this branch of the case has
for its support much that is ingenious, but it admits of an
answer warranted by a reasonable construction of the policy.
Whether that clause of the policy requiring sworn proofs of
loss to be made as soon after the loss "as possible," shall be
regarded as a condition, the non-observance of which would
work a forfeiture or not, it is a part of the insurance con-
tract, and there must be what is an equivalent with a com-
pliance with it before any action can be maintained upon the
policy. A declaration on a policy having such a clause must
contain an averment of compliance with its provisions, and
proof must be made as to the same on the trial. Accord-
ingly, in one count of the declaration in this case of the loss
sustained it is averred "plaintiff forthwith gave notice to
defendant in writing, and as soon as possible thereafter,
to-wit, on the same day, delivered to the defendant a particu-

lar account thereof;" and in an amended count it is averred, when the loss occurred "plaintiff forthwith gave notice to the defendant in writing, * * * and delivered to said defendant a particular account thereof." Had these averments been omitted, obviously the declaration would have been bad on demurrer, unless it had been averred the performance of these acts had been waived by defendant.

What will be regarded as a compliance with the provisions of a policy containing the words, "in case of loss assured shall forthwith give notice of said loss, * * * and as soon after as possible render a particular account of such loss," is often a question involved in much difficulty. Each particular case is determined by the attending circumstances which distinguish it from other cases. That which would be regarded as a compliance with such a provision in a policy under some circumstances, under others might not be so regarded. This fact accounts, in a large measure, for the contrariety of decisions on this question. In this State, at least, the meaning of the words "forthwith," and "as soon after as possible," when employed in an insurance contract, as they are used in the policy declared on, has been definitely determined by previous decisions. They are understood to mean within "a reasonable time," "without unreasonable delay," and are the equivalent of "due diligence." Hence this rule, deducible from adjudged cases, is, if the act to be done is required to be "forthwith," or "as soon as possible," or "immediately," proof it were done with "due diligence," under the circumstances, and "without unreasonable delay," will be deemed sufficient proof it were done in apt time. *Peoria M. and F. Ins. Co.* v. *Lewis*, 18 Ill. 553; *Knickerbocker Ins. Co.* v. *Gould*, 80 id. 388; *Same* v. *McGinnis*, 87 id. 70.

Construing the evidence most favorably for plaintiff, even under the liberal doctrine of the cases cited, it can not be insisted, with any show of reason, the "proofs of loss" were furnished within any "reasonable time," or "without any

unreasonable delay." If the delay suffered to intervene the loss and making proofs in this case would not bar the action on the policy under the circumstances proven, it would be difficult to conceive of a case where delay in making "proofs of loss" would operate as a bar to the action. No attempt was made to furnish the company with proofs of loss until after the lapse of nine months from the time of loss, and no excuse is shown by the evidence that even tends to justify the delay. It is not claimed plaintiff was lulled to non-action by anything any officer or agent of the company did or said concerning "proofs of loss." No waiver of the terms of the policy in this regard is insisted upon. Indeed, assured had no communication with any agent of the company on the subject, although the office of the local agent was near the office occupied by assured. Evidence appearing in this record, by stipulation, shows the proofs of loss were in fact made out within ten days after the loss occurred, and could have been served at any time, had assured elected to do so. The fact he was embarrassed by threatened proceedings in bankruptcy constitutes no valid excuse. No receiver had been appointed, and it was plainly the duty of assured to make proofs of the loss sustained. Where no circumstances are proven that justify the delay suffered to intervene, to hold that proofs of loss furnished nine months after the loss were furnished "as soon as possible," would be to extend the rule further than is warranted by the authorities.

The findings of the courts whence this cause comes were warranted both by the law and the evidence, and the judgment will be affirmed.    *Judgment affirmed.*

Mr. Justice Dickey: I can not concur in this decision. The policy nowhere provides that a failure to make proofs as soon as possible shall defeat a recovery. The penalty for such neglect is found in the provisions that payment for the loss can not be demanded until sixty days after proof of loss.