McCORMICK HARVESTING MACHINE COMPANY, Appellant, v. MIKE RUSSELL, Appellee.

1. **Practice in Supreme Court:** ERRORS CONSIDERED ON APPEAL: EXCEPTIONS. Errors of the district court in overruling a motion to strike an answer, to which no exception appears of record, will not be considered on appeal.

2. **Sale:** WARRANTY OF HARVESTER: BREACH: Where in an action upon a contract for the sale of a harvester and binder it was alleged, that there was a breach of the warranty that the machine should work well, *held*, that evidence that the draft of the machine was too heavy, or had so much side draft that it made the necks of the horses sore, was properly admitted.

3. ———: ———: RESCISSION. Where a harvester and binder was set up and operated one afternoon under the direction of the vendor's agent, but could not be made to work well, and, upon the agent's suggestion, the vendee tried it the next day, but could not make it work, and the agent failing to return the day after that, the vendee gave notice that the machine was unsatisfactory, and when the agent called within a few days, and wanted him to again try the machine, he refused, *held*, under a contract providing that the vendee should give the machine "one day's trial," that the machine had been given a fair trial.

4. ———: ———: ———: ———. The vendor in such case is not entitled to an opportunity to put the machine in order unless he offers to do so within a reasonable time.

5. ———: ———: ———: ———. The question as to what is a reasonable time within which a vendee may return property, and rescind a contract of sale, being a question for the jury, *held*, that the court properly refused to instruct the jury that a delay of ten or twelve days under the circumstances was unreasonable, especially where a waiver of the return of such property within the time provided in the contract, was a question at issue.

6. **Appeal:** SUFFICIENCY OF EVIDENCE TO SUPPORT VERDICT: PRACTICE. A cause will not be reversed upon appeal because of the insufficiency of the evidence to support the verdict of the jury where the evidence is conflicting, and there is evidence tending to support the verdict rendered.

*Appeal from Wright District Court.*—Hon. D. R. Hindman, Judge.

Saturday, October 22, 1892.

Action for damages for refusal of the defendant to comply with his written contract for the purchase of a harvester. The defense was breach of warranty. There was a trial to a jury, resulting in a verdict and judgment for the defendant. The plaintiff appeals.— *Affirmed.*

*Nagle & Birdsall,* for appellant.

*F. W. Pillsbury,* for appellee.

Kinne, J.—The plaintiff claims that on June 21, 1890, the defendant purchased and ordered of it a harvester and binder, to be delivered before the harvest of 1890. That the purchase was evidenced by a written order of sale and warrant as follows:

"The McCormick Harvesting Machine Company will ship for the undersigned, on or before harvest, their latest improved harvester and binder, including the usual extras, consigned to the care of S. H. Jones, at Clarion, Iowa, the undersigned agreeing to pay the McCormick Harvesting Machine Company $—— cash, the freight and charges on delivery, and further, to execute notes for the sum of thirty-five dollars, payable on the first day of January, 1891; fifty dollars, payable on the first day of January, 1892; fifty dollars, payable on the first day of January, 1893—with interest at the rate of ten per cent. thereafter until paid. These machines are all warranted to be well made, of good material, and durable, with proper care. If upon one day's trial the machine should not work well, the purchaser shall give immediate notice to said McCormick

Harvesting Machine Company or their agent, and allow time to send a person to put it in order. If it cannot then be made to work well, the purchaser shall return it at once to the agent of whom he received it, and his payment (if any has been made) will be refunded. Continuous use of the machine, or use at intervals through harvest season, shall be deemed an acceptance of the machine by the undersigned."

That the machine was delivered to the defendant in pursuance of the terms of said order, July 14, 1890. That the plaintiff has fully complied, on its part, with all the conditions of said order, and the defendant then accepted said machine. That the defendant renounces the contract, and refuses to execute the notes, as provided therein. The cause was tried upon the petition and a substituted answer, wherein the defendant admitted the execution of the order, the delivery of the machine, and the refusal to sign the notes. He denied that the machine worked well, and that it complied with the conditions of the warranty, and denied all other allegations of the petition. The defendant also averred that the machine was not well made, did not work well, did not comply with the conditions of the warranty. That Sheets, the agent with whom he contracted for the machine, set it up and started it, but could not and did not make it work well, or do good work. That it would not bind properly, broke the twine, would clog up, and fail to cut or bind. It was manufactured and designed as a three-horse machine. It was heavy on the horses, and could not be drawn in work with three horses without endangering them. It has heavy side draft, so that any considerable work would cause the horses' necks to become sore. That it failed to do good work, or to work well. That when the agent was trying to operate it the defendant told him he was not satisfied with it; told the agent he must have a machine at once. That the agent, without putting it in order,

left, agreeing to return the following Wednesday morning. He did not do so, and the defendant went to Clarion, but could not find him. That thereafter, as soon as possible, and within a reasonable time, the defendant took the machine to Clarion, to the warehouse of one Jones, the place where it had been delivered to him, and Jones refused to receive it. He left it there, and so notified the plaintiff's agent; and the defendant claims that by the statements and conduct of Jones and the plaintiff's agent the return of the machine at once was waived. For a special defense the defendant pleaded, in addition to the facts heretofore set out, that when he executed the order for the machine it was not at hand, and not examined by him; that he did not know of its construction, or its capacity to do good work; that the plaintiff impliedly warranted it to do good work, and capable of working with three horses as a twine binder, etc., setting out some facts as in first count. The defendant amended his answer by averring that the machine did not work well, and could not be made to work well.

I. The appellant complains because the court only sustained in part its motion to strike portions of the defendant's answer. The record fails to show that any exception was taken to the court's action, and hence it cannot now be considered.

1. Practice in supreme court: errors considered on appeal: exceptions.

II. It is contended that the written warranty did not cover the draft of the machine, and hence the court erred in admitting parol evidence, over the plaintiff's objection, touching the draft of the machine. The machine was warranted to be well made, of good material, and durable, with proper care. The contract also provided if, on one day's trial, it did not "work well," the purchaser should give immediate notice to the company or their agent, and allow time to send a person to put it

2. Sale: warranty of harvester: breach.

in order. If it cannot be made to work well, the purchaser shall return it at once," etc. It was thus provided in the written contract that it should "work well." If the draft of the machine was too heavy, or it had too much side draft, the effect of which was to make the horses' necks sore, it certainly did not "work well," within the terms of the contract. It appears to us, that the evidence touching the matter was clearly admissible.

III. It is said that the defendant did not give the machine a fair trial, nor such a trial as he was bound

3. ——: ——: ——; to by the contract. The contract provided
rescission.     for "one day's trial." The evidence
shows it was set up and started Monday afternoon; that it was then operated under the direction of the plaintiff's agent, Sheets; that he could not make it work well. It had a heavy draft; made the horses' necks sore; it clogged up; it often failed to bind the bundles; it broke the twine. Sheets told the defendant to try it again the next day, which he did, but could not make it work. Sheets, when he left, Monday, promised to come back the following Wednesday. He did not do so. The defendant went to Clarion, to look for him, but he was not there. He then notified Jones, the plaintiff's local agent, that he was not satisfied with the way the machine worked. After this he hired another machine to cut his grain. Sheets came to the defendant's place the Friday following, as well as afterwards, and wanted him to further try the machine, which he refused to do. While the evidence is conflicting, yet the jury were warranted in finding, inasmuch as Sheets, when he left the defendant's place on Monday, knew that the machine was not working right, and in view of the further trial by the defendant on Tuesday, when he could not make it work, and from the further fact that Sheets did not come back Wednesday, as he agreed to do, and fix the machine,

that the defendant had complied with the terms of his contract as to the trial of the machine.

IV. The question of a waiver by the plaintiff of that clause of the contract which provided for a return at once of the machine, in case it could not be made to work well, was in issue. The plaintiff asked an instruction as follows:

"If you find from the evidence that upon starting the machine it did not work satisfactory to the defendant, and that he notified the plaintiff's agent to send a man to try the machine, and put it in order, and when said man came, defendant refused to help try the machine, or permit the agent to try the same, or put it in order, if the plaintiff's agent at said time, and under such circumstances, said to the defendant, 'You will have to keep the machine, and pay for it,' or words to that effect, such statements would not relieve him from failure to return the machine at once, as provided by the contract, or the necessity of returning or offering to return it, in order to terminate the contract."

It will be observed that the instruction wholly ignores the question as to whether the agent came to fix the machine within a reasonable time after being notified. Under this instruction, if the agent came to fix the machine a month after he received notice that it did not work well, the defendant would be bound to let him fix it, to assist him in so doing, and to try the machine. The instruction, for this reason, if for no other, was properly refused.

V. The plaintiff asked the court to give an instruction, in effect, that if the jury found, after taking into consideration the distance the defendant resided from the place where he received the machine, that he could have returned the same within a day or two after he decided to reject it, then a delay for ten or twelve days to return the machine would be unreasonable, and he could not then

return it, and rescind the contract. This instruction made the question of what was reasonable time in which to return the machine one of law, to be determined by the court. Ordinarily the question of what is a reasonable time is one for the jury. Doubtless there are many exceptions to the general rule, as where there is no conflict in the evidence as to the facts and circumstances, and the delay has been so great as to be unjustifiable from any point of view. *Druse v. Wheeler*, 26 Mich. 199; *Boothby v. Scales*, 27 Wis. 636; *Hirshhorn v. Stewart*, 49 Iowa, 418; 2 Parsons on Contracts, 661, and note; Benjamin on Sales (Perkins' 2 Ed., 1892), 904. In any event, this instruction should not have been given in the form asked, as it ignores the question of waiver of the provision of the contract requiring a return of the machine, which was in issue, and submitted to the jury.

VI. It is insisted that the verdict is contrary to the evidence. If it were not for the evidence relat-

6. APPEAL: sufficiency of evidence to support verdict: practice.

ing to a waiver of the provision of the contract requiring a return of the machine in case it could not be made to work, we should certainly feel justified in reversing this case, because of an entire lack of evidence showing any excuse for keeping the machine for from ten to twelve days after the defendant determined not to keep it. But there was evidence from which the jury might find the plaintiff had waived the requirement providing for the return of the machine, and, if such was the case, the delay in the return was justifiable. The jury passed upon the weight and sufficiency of the evidence, and, as it was conflicting, and as there was evidence which would support the verdict, we cannot disturb it. There is nothing to indicate that the verdict was the result of passion or prejudice. Kinne's Pleading, Practice and Forms, section 594, and cases cited.

Many other errors are assigned. We have exam-

ined all of them, including those relating to the instructions given, as well as those refused, and find no reversible error. AFFIRMED.