## BARRIE *v.* SMITH.

It was, in the trial of an action upon a contract of subscription for certain books, signed at the solicitation of an agent of the plaintiff and stipulating that "no other conditions or representations than those herewith printed will be binding upon the subscriber or publisher," erroneous to admit parol evidence of representations made by the agent as to matters not mentioned in the contract as executed.

Argued June 13, — Decided July 21, 1898.

Action on contract. Before Judge Proffitt. City court of Elberton. August term, 1897.

*S. N. Evins* and *C. P. Harris,* for plaintiff.
*W. D. Tutt,* contra.

LUMPKIN, P. J. An action was brought by Barrie against Mrs. W. C. Smith upon a contract of subscription for a speci—

fied edition of "Balzac's Comedie Humaine," which the defend-
ant was induced to sign by the plaintiff's agent. The edition
consisted of forty-six volumes. After taking and paying for
seven volumes at the contract price, Mrs. Smith refused to re-
ceive or pay for any more of them. Her defense to the action
was, in substance, that she had subscribed for the books upon
the faith of representations made by the plaintiff's agent, that
they were suitable for a family library; but that upon reading
a portion of the same she ascertained that they were immoral
and unfit for females or children to read. She paid for the
seven volumes before she had time to read the same or investi-
gate their character, but after being informed thereof she of-
fered to rescind. The court, over the objection of the plaintiff,
permitted the defendant to testify: "the agent represented the
books to be of a very high order, and that only a thousand
copies would be sold, when the plates would be destroyed, and
that he was allowed to sell only three copies in a place as small
as" Elberton, the town where the subscription was taken. The
contract was in its terms plain and unequivocal, and among
other things contained a stipulation that "no other conditions
or representations than those herewith printed will be binding
upon the subscriber or publisher." It contained no representa-
tion whatever as to the moral character of Balzac's works.

We are satisfied the court erred in admitting this evidence.
The stipulation above quoted was manifestly designed to pre-
vent the plaintiff's agent from binding his principal by any rep-
resentations whatever other than those expressed in the contract
itself. This evidence was therefore inadmissible, because it di-
rectly contradicted and varied the terms of the written instru-
ment. In the case of *Gorham* v. *Felker*, 102 *Ga.* 261, a some-
what similar question was presented, and the ruling of this
court thereon is in point in the present case. It is proper to
state, in this connection, that there was no contention on the
part of Mrs. Smith that she was ignorant of the contents of the
instrument when she signed it, or that any fraud was used to
mislead her as to its true meaning and effect. The case there-
fore differs materially from that of *Barrie* v. *Miller*, 104 *Ga.*
312. There it appeared that the publisher's agent falsely and

fraudulently misrepresented to the subscriber the meaning of certain technical terms used in the contract, and consequently the latter was induced to sign an instrument meaning one thing which he, because of the agent's fraud, honestly believed meant another.

> Judgment reversed.    All the Justices concurring.