WARDER, BUSHNELL & GLESSNER COMPANY, Appellants, v. HORNE BROS. *et al.*

**Warranty: "DAY'S TRIAL:"** *Jury question.* Where, under a contract for the sale of a binder, which provided that, if it should not work

well on one day's trial, the seller should be entitled to send a person to put it in order, there is evidence that the buyer consumed parts of four afternoons in its trial, it warranted the jury in finding such test equal to a day's trial.

"AT ONCE" DEFINED: *Jury question.* Where a warranty under which a binder was sold required that, if it was not satisfactory, it should be returned "at once" to the agent from whom it was received, such warranty required its return within a reasonable time; and whether it was so returned was a question for the jury.

INSTRUCTIONS. Where plaintiff sued for the price of a binder sold under a contract that, if on a day's trial, it should not work well the buyer should give immediate notice, and, if plaintiff could not make it work satisfactorily, the buyer should at once return it, and he made four tests of the machine, and plaintiff sent several persons to make it work, it was reversible error to charge that, if the machine did not do good work *on a test*, and the buyer gave immediate notice thereof, and the persons sent to put the machine in good order failed to make it do good work, the jury might find for the buyer, since under such instruction the jury might find for the buyer, though on one of the tests it had proved a perfect binder, and had not been returned within a reasonable time; and such error was not cured by other instructions making a day's trial and a return within a reasonable time essential to a verdict for the buyer.

SAME. Where the defendant sued for the price of a binder, sold under a warranty that it would do good work and contended that it did not comply with the warranty, and had been returned, an ambiguous instruction, which the jury might have construed as authorizing them to find that, though the machine complied with the warranty, yet, if it failed to do good work because of some outside agency or obstruction, it might be found defective, was erroneous.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

MONDAY, JANUARY 22, 1900.

ACTION for the purchase price of a self-binder. The defense was that the machine was returned in strict compliance with the terms of the contract. The trial resulted in a judgment against the plaintiff for costs, from which it appeals.—*Reversed.*

*Preston & Moffit* and *W. E. Steele* for appellant.

*Rickel & Crocker* for appellee.

LADD, J.—As the defendants relied on compliance with the terms of the warranty, that part of the order given by them may be set out: "This machine is warranted to be well made, of good material, and durable with proper care. If upon one day's trial the machine should not work well, the purchaser. shall give immediate notice to said Warder, Bushnell & Glessner Co., or their agent, and allow time to send a person to put it in order. If it cannot then be made to work well, the purchaser shall return it at once to the agents of whom he received it, and all cash and notes received in settlement will be refunded." It is first insisted that one day's trial was not given the machine. It was set up and used in cutting barley on Saturday an hour or more. On Monday following, that piece was finished, and the defendants used it in cutting oats five or six hours. They advised plaintiff's agents of the necessity of another pinion that evening or the next morning, and, not hearing from them, sent word again on Thursday. On Friday afternoon the plaintiff's experts came, and the binder was again tried in the oats for an hour or two, when they left. The defendants again sent word on Saturday, and they came in the afternoon, when another attempt was made to use the machine. The result of these tests are in dispute, the experts insisting that the machine did good work, while the defendants testify that it would not bind all the grain, and that the binder and elevator continually choked up, so that it was necessary to back up frequently, and cut out the straw. Parts of four afternoons were consumed in these several tests, and we are of opinion that the jury might well have found all of these equal, at least, to a day's trial. *Machine Co. v. Russell,* 86 Iowa, 560.

II. Again, it is said the machine was not returned at once when found not to work well. The evidence tended to show that on the Tuesday following the Saturday of the last test mentioned that defendants hauled the machine to Cedar Rapids and offered to unload it at the place received, when one of plaintiff's agents refused to permit them to do so. This was on July 27, 1897. They also wrote to the plaintiff's agents through whom the order was given, August 2, 1897, in a reply to a letter demanding settlement, that they would not accept the machine, and tendered its return. The requirement that the binder be returned "at once" when found not to work well was complied with if returned to the place where received as soon as this, under the circumstances, could reasonably have been done. In *Reg. v. Rogers*, 3 Q. B. Div. 33, an agent is said to have remitted to his principal "at once" if done within a reasonable time. "At once," as used in such a contract, is synonymous with "immediately," "forthwith," and "as soon as possible," which are usually construed to mean within such reasonable time as shall be required, under all the circumstances, for doing the particular thing. *Tufts v. McClure*, 40 Iowa, 318; *Reg. v. Justices*, 4 Q. B. Div. 469; *Scammon v. Insurance Co.*, 101 Ill. 621; *Adams v. Foster*, 5 Cush. 156; *Gaddis v. Howell*, 31 N. J. Law, 313; *Richardson v. End*, 43 Wis. 316; 9 Am. & Eng. Enc. Law, 932. In view of the distance the defendants lived from Cedar Rapids, and the surrounding circumstances, it was for the jury to say whether the machine was returned as soon as required by the terms of the warranty. See *Machine Co. v. Brower*, 88 Iowa, 611; *Same v. Russell, supra*.

III. Complaint is made of the fourth instruction, which reads: "If you find from the evidence that the machine did not do good work upon a test having been made thereof, and you further find that defendants gave immediate notice thereof to plaintiff, and you also find that in pursuance of said notice plaintiff did

send a person to put it in order, and you further find that the person sent by plaintiff to put the machine in order failed to make it do good work, then you will be warranted in finding a verdict for defendants." To which of the four tests made does this refer? Which of the several persons sent out by plaintiff to put the machine in order, is intended? If at any of the tests made the person sent out was unable to make the machine do good work, under this paragraph, a verdict might be returned for the defendants notwithstanding on a day's trial it proved to be a perfect binder. For this reason the error is not cured by other instructions making a day's trial essential to a finding for the defendants. Nor is the return of the machine within a reasonable time required as a basis for such a verdict. True, the next paragraph advised the jury that, unless the machine was returned at once when found not to work well, the finding that defendants had accepted it would be warranted. The instructions are not in accord, and which the jury followed may well be doubted. The court also, in the sixth instruction, said: "If you find from the evidence the machine was constructed of good material, and well made, and would do good work, unless on account of some outside agency or obstruction it failed to do good work, this alone would warrant you in finding that the machine would not do good work." We are not quite able to grasp the meaning of this paragraph, but are inclined to think the jury might have construed it as saying that, even though the machine complied with the warranty in every particular, yet if, because of some outside agency or obstruction, it was prevented from working well, the conclusion would be justified that it would not do good work as contemplated by the contract. In other words, if the machine was as warranted, and was prevented from working well by some independent cause, then it might be found defective in the only respect contended. Such is its meaning, or else it has none. The

appellant insists that this is the correct interpretation, and we are inclined to think the jury might have so construed it. It was erroneous. Other rulings to which exception was taken are not likely to occur upon another trial.—REVERSED.

GRANGER, C. J., not sitting.