## 1977. OUTCAULT ADVERTISING COMPANY *v.* NATIONAL FURNITURE COMPANY.

1. In the trial of a suit upon a contract for the purchase-price of advertising service, consisting of certain specified articles, which was signed by the defendant at the solicitation of the salesman of the plaintiff, and which stipulated that "salesmen are not authorized to alter this contract by verbal agreement," it was erroneous to admit parol evidence of representations made by the salesman as to matters not mentioned in the contract.

2. The evidence demanded a finding in behalf of the plaintiff for the full amount sued for.

Action on contract; from city court of Wrightsville—Judge Kent. May 11, 1909.

Submitted July 20,—Decided December 10, 1909.

The National Furniture Company entered into the following contract with the Outcault Advertising Company: "November 18th, 1907. To the Outcault Advertising Company, Chicago, Ill. Gentlemen:—For one year beginning December first ship us by express, at our expense, your "Ad Service" consisting of One Little House Maid for each week. Equalize freight and express. We agree to pay you net cash on receipt at the rate of $2.00 per week, we to have the exclusive right to use same in our city only, and to

hold said type and cuts subject to your order when this contract expires. Also subject to above conditions. One font Little House Maid type (10 lbs. in font) once only, at $4 per font. *Salesmen are not authorized to alter this contract by verbal agreement.*" Under this contract the Outcault Advertising Company shipped the advertising service to the National Furniture Company, and the National Furniture Company accepted the service and used it for a period of three months, when it shipped the advertising service articles back to the Outcault Advertising Company and refused to pay anything for the same; whereupon the Outcault Advertising Company, having duly performed its part of the contract, entered suit in the city court of Wrightsville for the full amount due by the terms of the contract, to wit, $108 and interest. The National Furniture Company filed a defense, alleging that the contract was procured by the fraudulent representation of the agent of the plaintiff, and that there was a total failure of consideration. The judge of the court, without the intervention of a jury, after hearing the evidence, rendered a judgment in favor of the Outcault Advertising Company for the principal sum of $30, with interest thereon, as payment for the time that the advertising service was actually used by the defendant. To this judgment the plaintiff excepted, on the ground that there was no evidence to support it, and specifically because the court erred in allowing the manager of the defendant company to testify, over the objection of the plaintiff, that he signed the contract on the representation of the plaintiff's salesman that it "would result in great financial returns," and that "he had made arrangements with the newspapers of Wrightsville to publish this advertising matter at two thirds the rate of their regular advertising." The objection to this testimony urged at the time was that it was an effort to vary, alter, and contradict the terms of a written contract, which expressly provided that salesmen were not authorized to alter this contract by any verbal agreement.

The evidence in behalf of the plaintiff proved the contract and performance; that it had refused to receive back the advertising outfit from the defendant, and had demanded of the defendant the full contract price therefor, which it refused to pay. The manager of the defendant company testified as follows: "I received all of the order from the advertising company; but instead of shipping it weekly, they sent it all at once. I know that it did not pay, because

my business fell off during the time I used it. I did not keep track of all my advertising to see whether it paid or not, but I know that this service did not pay. I have never paid them anything. I used this service about three months before I sent it back."

*Daley & Daley,* for plaintiff. *E. L. Stephens,* for defendant.

HILL, C. J. (After stating the foregoing facts.) We think the court erred in admitting the testimony of the manager of the company, objected to, as to the representations of plaintiff's agent when the contract was made. The contract was in writing, was unambiguous in its terms, and imported a legal obligation. A prior, contemporaneous, or subsequent parol agreement was inadmissible to vary its terms. Civil Code, §5201; *Fleming* v. *Satterfield,* 4 *Ga. App.* 351 (61 S. E. 518). The contract expressly states, upon its face, that "salesmen are not authorized to alter this contract by a verbal agreement." The defendant was therefore put on notice by the contract itself that this alleged representation of the salesman, which engrafted upon the contract a condition not appearing therein, was not authorized. Contracts made with an agent which are known by the party contracting with him to be unauthorized are not binding on the principal. In the case of *Barrie* v. *Smith,* 105 *Ga.* 34 (31 S. E. 121), an analogous case to the one now under consideration, the Supreme Court says: "It was, in the trial of an action upon a contract of subscription for certain books, signed at the solicitation of an agent of the plaintiff, and stipulating that 'no other conditions or representations than those herewith printed will be binding upon the subscriber or publisher,' erroneous to admit parol evidence of representations made by the agent as to matters not mentioned in the contract as executed." Any representation, therefore, that was made by the agent in contradiction of the terms of the written contract, and especially where the written contract itself negatived his authority to make any verbal representation, was wholly inadmissible, and could not constitute such fraud as would vitiate the contract. The uncontroverted evidence in the case clearly showed that every condition and obligation of the contract was fully complied with by the plaintiff; and that even under the evidence of the defendant which was properly admitted, a finding for the full amount sued for should have been rendered by the court in behalf of the plaintiff.

*Judgment reversed.*