### 3973. GEORGIA AGRICULTURAL WORKS *v.* PRICE.

1. Where a purchaser refuses to take and pay for goods bought, the seller may, after notice to the purchaser, "store or retain the property for the vendee, and sue him for the entire price."
2. Where a contract of sale provides that no agreement or stipulation made between the agent and the purchaser, not set forth in the written contract, is binding and enforceable on the seller, an agreement made by the agent with the purchaser, and not embodied in the contract of sale, that the purchaser might, under specified conditions, countermand the order for the goods, is not binding on the seller.
3. A stipulation in a contract of sale to deliver certain machinery "at once" binds the seller to deliver without unreasonable delay.

DECIDED APRIL 16, 1912.

Complaint; from city court of Wrightsville—Judge Kent. December 5, 1911.

On or about August 9, 1910, the defendant gave to the plaintiff a written order for the purchase of a ginning outfit. The order was, on August 10, accepted in writing by the plaintiff. The contract as thus made provided that the machinery should be shipped to the defendant "at once." There was a further stipulation in the contract as follows: "There are no verbal representations or agreements not herein expressed in writing. This contract is not binding upon the Georgia Agricultural Works unless and until accepted by them, in which event it is not subject to countermand." At the time the order was given, the agent of the plaintiff told the defendant that the plaintiff did not have on hand all the machinery necessary to fill the order, but would procure some of it elsewhere and would ship the machinery after assembling it. On August 12 the defendant telegraphed to the plaintiff, countermanding the order for the machinery, and immediately the plaintiff wrote to the defendant, declining to assent to the countermand. Thereafter the plaintiff assembled the machinery and notified the defendant that the outfit was held subject to his order and would be stored and retained for him. The defendant having again declined

to take and pay for the goods, the plaintiff brought suit for the agreed price. The defendant's answer contains a general denial of indebtedness and of the material allegations in the petition, and sets up the special defense that the plaintiff's agent who negotiated the sale represented to the defendant that his gin-house was suitable for the accommodation of the machinery, with the exception of some minor changes to be made in the house, whereas in point of fact it was necessary to tear down and remodel the house entirely; that the defendant tore the house down and rebuilt it at an expense of $1,000, or other large sum. The defense really insisted on in the brief of the defendant's counsel is not pleaded. There appears in the evidence a copy of a document dated August 9, 1910, and signed by the agent of the plaintiff who negotiated the sale, in which document the agent agreed that the order given by the defendant for the ginning outfit would not be binding on the defendant unless another order, given at the same time by the defendant to the R. D. Cole Manufacturing Company for an engine and boiler, should be accepted and the goods shipped. It appears, from the evidence, that the defendant did give an order to the Cole Manufacturing Company for an engine and boiler, and that this sale was negotiated by the same person who acted as agent of the plaintiff and sold the ginning outfit. It further appears that the engine and boiler were, under the terms of the order then given, to be shipped "at once." Upon ascertaining that it would be necessary for the Cole Manufacturing Company to make the engine and boiler before they could ship them, the defendant countermanded this order, with the consent of the seller. He claims that the reason for his countermand of both of the orders was that he found that he would not be able to get the machinery in time to install it for the current ginning season.

The president of the plaintiff company testified, that immediately upon receiving the defendant's order for the ginning outfit, the plaintiff began to assemble the different parts of the machinery necessary to make up the outfit, and that the machinery was assembled and gotten together in exact conformity with the order and within ten or twelve days after receiving the order. He further testified that there was no other contract or agreement touching the transaction between the plaintiff and the defendant concerning the original order. The plaintiff's agent who negotiated the

sale testified that he was not the agent of the R. D. Cole Manufacturing Company, but that, simply as a matter of convenience to the defendant, and in order to facilitate the delivery of the machinery, he took the order for the boiler and engine, and agreed with the defendant that unless the Cole Manufacturing Company accepted this order, he would not be compelled to take and pay for the ginning outfit. In a letter from the plaintiff to the defendant, acknowledging receipt of his countermand and declining acceptance of it, the plaintiff stated that the only contingency upon which the order for the ginning machinery was not to be accepted was the refusal of the Cole Manufacturing Company to accept the order for the engine and boiler. It is undisputed in the evidence that the Cole Manufacturing Company did accept the defendant's order, and that his countermand thereof was assented to by that company. The case was submitted to the presiding judge without the intervention of a jury, and he found in favor of the defendant. The plaintiff excepts to this judgment.

*A. L. Hatcher, C. L. Shepard,* for plaintiff.

*B. B. Blount,* for defendant.

POTTLE, J. (After stating the foregoing facts.)

1. Where a purchaser refuses to take and pay for goods bought, the seller has three remedies: He may retain the goods and recover the difference between the contract price and market price at the time and place of delivery; he may sell the property after giving due notice to the purchaser and recover the difference between the contract price and the price on resale; or he may store or retain the property for the defendant and sue the purchaser for the entire price. Civil Code (1910), § 4131; *Castlen* v. *Marshburn,* 8 *Ga. App.* 400 (69 S. E. 317). In the present case the plaintiff gave prompt notice to the defendant that the machinery was held subject to his order, and would be stored and retained by the plaintiff for the defendant. The plaintiff thus brought itself squarely within the terms of the section of the code above referred to, and clearly had the right to bring suit against the defendant for the full amount of the purchase-price. Counsel for the defendant cites *Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. Rep. 112), as authority for the proposition that the statutory remedy to retain the goods and sue for the price was not available to the plaintiff in the

present case, but that its only remedy was to sue for damages for the breach of the contract. That case is not authority for the position taken by counsel. It distinctly appears in that case that the seller delivered the goods to the carrier for the purchaser, and Mr. Justice Little, speaking for the court, refers to the three statutory remedies open to a seller where a purchaser refuses to take and pay for goods sold, and then says: "While under this last provision the seller might have stored and retained the property for the buyer, after notice by the buyers that they would not receive the goods, it is sufficient to say that it did not do so, but, without so doing, sought to recover the price agreed on. Had it done so, it might have brought an action against the buyers for the entire price of the goods."

2. The contract with the defendant expressly stipulated that no agreement not expressed in the contract would be binding upon the plaintiff, and that, after acceptance, the order was not subject to countermand. Under this provision of the contract the plaintiff was not bound by the agreement not expressed in the contract and made between the plaintiff's agent and the defendant, to the effect that the contract would not be binding unless an order to another manufacturer for other machinery should be accepted. *Outcault Advertising Co.* v. *National Furniture Co.,* 7 *Ga. App.* 150 (66 S. E. 480). The case is presented to this court by counsel for the defendant upon the theory that there was an entire contract between the parties, under the terms of which it became necessary that the defendant should receive both the engine and boiler and the ginning outfit, and that, this being true, when the defendant failed to receive the engine and boiler within the time fixed by the contract the entire agreement became nugatory. It is very plain that this is an altogether erroneous theory of the case. The only contract which the plaintiff made was that it would sell and deliver the ginning outfit to the defendant upon the terms and conditions stated in the writing. The agreement of its agent in reference to the engine and boiler was not a part of the contract, and was not binding upon the plaintiff. Even if it be granted that the letter from the plaintiff indicated such a ratification upon its part of the agreement made by its agent in reference to the engine and boiler as to be binding upon the plaintiff, it appears from this letter that the plaintiff's understanding of the agreement

was that the delivery of the gin machinery was contingent only upon the acceptance by the Cole Manufacturing Company of the defendant's order for the engine and boiler, and the evidence is undisputed that the order was accepted. The verbal agreement which the defendant claims the plaintiff's agent made in reference to the building which was to contain the machinery is, of course, not binding upon the plaintiff, and the defendant's counsel do not so contend in their brief.

3. The contract provided that the machinery was to be shipped "at once." The defendant himself testified that when the order was given he was informed by the plaintiff's agent that certain parts of the machinery would have to be procured by the plaintiff from other manufacturers, and that the ginning outfit would be shipped to the defendant after all the parts composing it had been assembled. The words "at once," in their ordinary signification, import immediate action, but plainly these words have no such meaning in a contract of the nature of the one involved in this case. To give them such a meaning would be to make the contract impossible of performance. The words mean simply that the plaintiff would use reasonable expedition, under all the circumstances, to deliver the machinery to the defendant as early as possible; in other words, that the machinery would be procured and shipped without unreasonable delay. Sharpe *v.* Johnston, 3 Lansing (N. Y.), 520; s. c. 41 How. Prac. 400. The contract bound the plaintiff to make for the defendants, in the case last cited, three or four models of a mowing machine "at once and without delay." It was held that the words quoted meant that the work should be done "as soon as it could reasonably be performed by the plaintiff." In Warder *v.* Horne, 110 Iowa, 285 (81 N. W. 591), a contract provided that if a certain piece of machinery sold should not prove satisfactory, it should be returned "at once." It was held that this contract bound the purchaser, in the event that he found the machinery unsatisfactory, to return it "within a reasonable time," and that it was a question for the jury to say what was a reasonable time under all the circumstances. See, also, Oklahoma Vinegar Co. *v.* Hamilton, 132 Ala. 593 (32 Sou. 306); Reg. *v.* Rogers, 3 Q. B. Div. 33; Smith *v.* Lunger, 64 N. J. Law, 539 (46 Atl. 623); Bennett *v.* Mutual Ins. Co., 67 N. Y. 274; Scammon *v.* Germania Ins. Co., 101 Ill. 621.

Ordinarily it would be a question for the jury to say what was a reasonable time under all the circumstances, or whether delivery of the goods bought had been unreasonably delayed. But in the present case the evidence demanded a finding, as a matter of law, that there had been no unreasonable delay. The evidence is undisputed that immediately upon receiving the order, and on the very same day, the plaintiff took steps to get the machinery together in compliance with the order, and did in fact assemble and put together all of the parts of the machinery with all reasonable expedition, and no unnecessary delay was incurred. It is altogether probable from the evidence that had not the defendant countermanded the order for the boiler and engine, this machinery would likewise have been delivered to the defendant within a reasonable time and in compliance with the order for it. But, without reference to this question, the evidence demanded a finding in favor of the plaintiff for the amount of the purchase-price.

*Judgment reversed.*