alleged assault was admissible for the purpose of showing a condition of mind which might have rendered him reckless of consequences.

The alleged newly discovered testimony is purely impeaching in character, and on a second trial would not probably produce a different verdict. We find no legal error, and, while the evidence is not entirely satisfactory to us as individuals, we can not say from a juridic viewpoint, that the verdict is contrary to law, in that there was no evidence whatever to support it.

*Judgment affirmed.*

---

### 3196. BLACK CO. *v.* KAPLAN.

1. HILL, C. J. No fact in the present case distinguishes it in any respect from the cases of *Oklahoma Vinegar Co.* v. *Carter*, 116 *Ga.* 140 (42 S. E. 378, 94 Am. St. R. 112), and *Rounsaville* v. *Leonard Mfg. Co.*, 127 *Ga.* 735 (56 S. E. 1030 (6) ) ; and as, under the decisions in those cases applicable to the evidence, there could have been no legal recovery in the form of action adopted by the plaintiff, a nonsuit was properly awarded.
2. The delivery of "swatches" or samples, from which goods ordered are selected, does not make the contract for the delivery of the goods executed, so as to take it out of the principle announced in the two cases above cited.      *Judgment affirmed.*
         DECIDED OCTOBER 10, 1911.

Complaint; from city court of Atlanta—Judge Reid. November 14, 1910.

*Walter R. Brown,* for plaintiff.

*Morris Macks, Paul E. Johnson,* for defendant.

---

### 3217. ROGERS *v.* TIEDEMAN.

The exceptions of law raised by the record are entirely without merit; and the verdict for the plaintiff is strongly supported by the evidence.
         DECIDED OCTOBER 10, 1911.

Complaint; from city court of Reidsville—Judge Morgan. December 31, 1910.

*Way & Burkhalter,* for plaintiff in error.

HILL, C. J. George W. Tiedeman brought suit against J. H.