3535. LINDER *et al. v.* COLE BROTHERS LIGHTNING-ROD CO.

1. Though an executory contract of purchase and sale may not be subject to countermand, under its terms, except by mutual consent, still, so long as it is executory on both sides, notice by the purchaser to the seller that he will not take the goods amounts to a breach of the contract, and thereafter the seller can not, by attempting to deliver the goods, treat the contract as executed on his part, and sue the buyer for the full purchase-price. His remedy is an action for the damages resulting from the breach of the contract.

2. The plea, not being subject to general demurrer, was improperly stricken, and for this reason the judgment against the defendant must be reversed.

DECIDED NOVEMBER 20, 1911.

Complaint; from city court of Dublin—Judge Hawkins. March 13, 1911.

*J. S. Adams,* for plaintiffs in error.

POWELL, J. The lightning-rod company sued Linder for the purchase-price of about 200 feet of lightning-rod, which had been ordered under a written contract stating that it was not subject to countermand, except by mutual consent. The petition alleged delivery. The plea set up that, though the defendant had signed the contract, he had never accepted any of the lightning-rods from the plaintiff, and had renounced the contract, for that, within a few hours after the contract was made, and before the plaintiff had been put to any expense or trouble whatever, or had undertaken to fill the order, he had canceled it, and had told the plaintiff that he would not take the rods, and had directed the plaintiff not to ship them. He denied that delivery had been made. On this state of facts, the case is controlled by *Black* v. *Kaplan,* 9 *Ga. App.* 811 (72 S. E. 303); *Rounsaville* v. *Leonard Co.,* 127 *Ga.* 735 (6), (56 S. E. 1030); and *Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112).

*Judgment reversed.*