4232.  SOUTHERN FLOUR & GRAIN CO. *v.* SAINT LOUIS GRAIN CO.

Where one who has entered into a binding agreement to take and pay for goods to be delivered in the future notifies the seller, before the time fixed for delivery, that he will not receive and pay for the goods if tendered at that time, the seller may treat the contract as rescinded and sue for whatever damages he has sustained at the time the purchaser repudiated the contract. But this is not the exclusive remedy of the seller. He may refuse to agree to a rescission of the contract, and may treat it as continuing until the time arrives for performance, and if at that time the purchaser refuses to take and pay for the goods, after they are tendered to him in accordance with the terms of the contract, the seller may, under the provisions of the Civil Code (1910), § 4131, after notice to the purchaser, resell the goods at the place of delivery, acting for this purpose as the agent of the vendee, and recover the difference between the contract price and the price on resale.

DECIDED AUGUST 6, 1912.

Action for breach of contract; from city court of Atlanta— Judge Reid. January 19, 1912.

*Walter McElreath,* for plaintiff in error.

*Dorsey & Shelton,* contra.

POTTLE, J. This was an action brought by a seller of goods to recover **from the purchaser** damages for refusing to take and

pay for the goods. The seller claimed that the measure of damages was the difference between the contract price and the price realized from the resale of the goods at the place of delivery, under the provisions of the Civil Code (1910), § 4131. The seller recovered a verdict, and the purchaser is complaining in this court of a judgment overruling his motion for new trial.

It appears that before the time arrived for the delivery of the goods, the purchaser countermanded the order, thus making an anticipatory breach of the contract. It is contended by counsel for plaintiff in error that the exclusive remedy of the seller was to bring an action for the damages which he had sustained up to the date notice was given to the seller that the purchaser would refuse to take and pay for the goods. In other words, his position is that where one party breaks a contract it is the duty of the other party to lessen the damage, and that under this principle the seller, on receiving the notice, was bound to treat the contract as ended and sue for whatever damages he had sustained. Counsel for the plaintiff in error insists that the special remedy provided by § 4131, supra, where the seller is given the right to resell the property and recover the difference between the contract price and the price on resale if the latter be less than the contract price, is not applicable where there has been an anticipatory breach of the contract of sale. The rule is well settled that in such a case the exclusive remedy of the seller is an action for damages, and that he can not sue for the full amount of the purchase-price. *Linder* v. *Cole Brothers Co.*, 10 *Ga. App.* 102 (72 S. E. 719), and cases cited. In this case the seller did not sue for the purchase-price, but his action was for damages for breach of the contract. The general rule is that the seller is entitled to recover the difference between the contract price and the market value at the time and place of delivery, and, under the terms of the code section, he may conclude the purchaser on the question of market value by reselling the property after notice to the purchaser. Where there has been an anticipatory breach of an executory contract of sale, the seller has a right to treat the contract as ended and immediately sue for damages, but he is not bound to do this. The purchaser alone can not rescind. Rescission can only be brought about by mutual agreement of the parties. If notice is given to the seller that the purchaser will not take and pay for the goods

at the time and place of delivery, and the seller assents to this breach, then the contract is rescinded, and the seller will be remitted to whatever rights and remedies he has as of the date on which the breach by the purchaser is made. But if the seller refuses to assent to the attempted rescission of the contract by the purchaser, he has the right to wait until the time for performance, and then tender the goods to the purchaser. A mere statement by a purchaser that when time for performance arrives he will not perform is not binding even upon him, unless the statement is immediately acted upon by the seller. The purchaser may reconsider. Such a notice is nothing more than an invitation to the seller to agree to a rescission. If the seller refuses to agree, the purchaser may still take the goods and comply with his part of the contract. The seller is not bound to assume that when the time for performance arrives the purchaser will refuse to comply, notwithstanding the latter may have notified the seller that he would refuse. The locus penitentiæ, so to speak, remains with the purchaser until after the time has arrived for performance on his part.

These considerations clearly result from decisions of the Supreme Court in the following cases: *Smith* v. *Georgia Loan Co.,* 113 *Ga.* 975 (39 S. E. 410); *Ford* v. *Lawson,* 133 *Ga.* 237 (5) (65 S. E. 444); *Byrd Printing Co.* v. *Whitaker Co.,* 135 *Ga.* 865 (70 S. E. 798, Ann. Cas. 1912 A, 182). There is nothing to the contrary in *Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112). Indeed, the reasoning of Mr. Justice Little in the opinion in that case clearly supports the view above announced. An anticipatory breach was committed in that case. The plaintiff sought to pursue the special remedy provided by the Civil Code (1910), § 4131, whereby the seller is given the right to store and retain the goods for the benefit of the buyer and recover the full amount of the purchase-price. The court held that that remedy was not available in that case, simply because it appeared that the plaintiff had not stored and retained the goods. As was said in the opinion: "Had it done so it might have brought an action against the buyers for the entire price of the goods." Here the seller adopted the other remedy provided by this section of the code, and resold the goods after notice to the purchaser. This fixed the measure of the plaintiff's damages and was con-

clusive upon the purchaser that the price realized at the resale was the market value of the goods at the time and place of delivery. See, also, *Rounsaville* v. *Leonard Mfg. Co.*, 127 *Ga.* 735 (56 S. E. 1030); *Black Co.* v. *Kaplan*, 9 *Ga. App.* 811 (72 S. E. 303); *Georgia Agricultural Works* v. *Price*, 11 *Ga. App.* 80 (74 S. E. 718). *Judgment affirmed. Russell, J., absent because of illness.*