# CASES

### DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

#### AT THE

## OCTOBER TERM, 1913

### 4939. AMERICAN MANUFACTURING COMPANY *v.* CHAMPION MANUFACTURING COMPANY.

Where goods are sold for future delivery, and, prior to the time for delivery, the purchaser notifies the seller that he will not take and pay for the goods, the seller may treat the contract as rescinded, and sue for whatever damages he has sustained up to the time of its repudiation by the vendee. If the goods bought are to be manufactured by the seller, and, upon the repudiation of the contract by the purchaser, the seller fails or refuses to manufacture the goods so as to have them ready for delivery at the time fixed in the contract, the seller's only remedy is to bring an action against the purchaser for damages for the breach of the contract. He can not sue upon open account either for the purchase-price of the goods or for the contract price, less the cost of manufacture. Before an action of this kind will lie the seller must have put himself in a position where he could deliver, and must have either actually delivered the goods or stored and retained them for the vendee. If the contract be an entire one for the manufacture of a quantity of articles, the remedy of the seller to store and retain the goods for the vendee and sue for the purchase-price is not available, unless the entire quantity of articles contracted for has been manufactured.

DECIDED OCTOBER 7, 1913.

Complaint; from city court of Macon—Judge Hodges. March 27, 1913.

*Miller & Jones*, for plaintiff.

*J. E. Hall, John R. L. Smith*, for defendant.

POTTLE, J. The American Manufacturing Company brought suit on open account against the Champion Manufacturing Company, a partnership composed of two named persons. The account was made up of 6,333 bag-holders, which had been delivered to and

accepted by the defendants at the agreed price of 17½ cents each; of 4,360 bag-holders on hand which the defendants refused to accept, and 39,307 bag-holders which the defendants agreed to take, but which had not been manufactured by the plaintiff. Against this item the plaintiff credited the expense of manufacturing the bag-holders which had not been made up. There were also in the account several items for a number of cane-strippers, and an item for the cost of extra material. The total amount claimed to be due on the account was $9,306.46, less a credit of cash paid, $1,820.13, together with a deduction of $409.27, the estimated expense of completing the contract, and credit memoranda of shortage of $1.55, making the net balance, claimed to be due on account, of $6,989.51. The items of the account for the purchase-price of the bag-holders was based on a written contract dated June 2, 1911, in which the plaintiff agreed to sell and the defendants to buy 50,000 bag-holders, of certain dimensions, at 17½ cents each, f. o. b. Chattanooga, Tenn.; deliveries to begin on July 15, and the entire number to be shipped out by September 15, 1911. The terms of payment were, $1,000 within five days from date of the contract, and the balance to be paid thirty days after shipment. The shipments were to be made direct to customers upon the defendants' orders, and any bag-holders remaining on hand on September 15, 1911, were to be shipped to the defendants at Macon, Georgia. In the event the stakes for the bag-holders were lengthened, the defendants were to pay for the additional cost of the material. The defendants admitted the execution of the contract; admitted the delivery of the 6,333 bag-holders, averred that the plaintiff had been paid in full for these bag-holders, and denied all of the other material allegations in the petition.

From the evidence offered in behalf of the plaintiff, it appears that in August, 1911, the plaintiff had manufactured and delivered, in accordance with the contract, 6,333 bag-holders, and had on hand 4,360, for which no shipping instructions had been given by the defendants. The defendants notified the plaintiff that they would be unable to use the remainder of the bag-holders contracted for, and requested that some arrangement be made by which they might be relieved from the contract or have its completion postponed until a year later. No agreement was reached by correspondence, and on August 26 one of the defendants went to Chattanooga to

take up the matter in person with the president of the plaintiff company. The plaintiff declined to release the defendants from the contract, but it was finally agreed that if the defendants would pay the amount then due, and pay for the 4,360 bag-holders on hand and also pay for the material on hand which had been bought for the purpose of manufacturing the bag-holders contracted for, the plaintiff would extend the time for the completion of the contract for one year. The past-due account then owing by the defendants to the plaintiff amounted to $820. Subsequently the defendants paid the plaintiff this amount, but they have never paid for the material on hand, nor for the 4,360 bag-holders. The plaintiff could have completed the contract on September 15 if it had not been notified by the defendants that they would not take and pay for the remainder of the bag-holders. After the agreement between the parties on August 26, several letter passed between them, indicating a difference of opinion as to what was the real agreement entered into on August 26. Propositions of settlement were made by the defendants, but were not accepted by the plaintiff. Finally on November 3, 1911, the plaintiff notified the defendants that it would go forward and complete the contract and hold the remainder of the bag-holders, as well as the 4,360 bag-holders then on hand, subject to the defendants' order. Later the plaintiff wrote, submitting a further proposition and stating that if it was accepted the plaintiff would defer completion of the contract until the next year. This proposition was, however, rejected by the defendants. The parties being unable to reach an adjustment, suit was brought on November 12, 1912, more than a year after the time when the contract was to have been completed, under the agreement of August 26, 1911. The trial judge granted a nonsuit, and the plaintiff excepted.

Where the purchaser of goods refuses to take and pay for them, the seller may pursue one of three remedies: he may retain the goods and recover the difference between the contract price and the market price at the time and place for delivery; or he may sell the goods, acting as agent for the purchaser, and recover the difference between the contract price and the price on resale; or he may store or retain the property for the vendee and sue him for the entire price. Civil Code, § 4131. The contract between the parties in the present case was an entire one. The plaintiff bought

50,000 bag-holders, and the remedy of the seller, to store and retain the goods and sue the purchaser for the entire price, would not be available, unless all of the bag-holders not delivered had been manufactured. The seller could not manufacture a portion of the goods and store and retain them and sue for the purchase-price of the goods so retained, and decline to manufacture the remainder of the bag-holders called for by the contract. When the plaintiff was notified by the defendants in August that they would not take and pay for the remainder of the bag-holders under the contract, the plaintiff had the right to treat the contract as rescinded, decline to manufacture any more bag-holders, and sue for whatever damage it had sustained up to the time the purchaser repudiated the contract. Or the plaintiff could have declined to agree to the rescission, proceed with the manufacture of the bag-holders, and if, at the time they were to have been delivered, the defendants refused to accept and pay for them, the plaintiff then, under the provisions of the Civil Code, § 4131, after notice to the defendants, could have resold the goods at the place of delivery and recovered from the defendants the difference between the contract price and the price on resale; or the plaintiff could have stored the goods for the defendants and sued them for the entire price. *Southern Flour &c. Co.* v. *St. Louis Grain Co.,* 11 *Ga. App.* 401 (75 S. E. 439). By failing to manufacture the remainder of the bag-holders bought by the defendants, the plaintiff agreed to the rescission of the contract. This is true whether the original contract providing for final delivery on September 15, 1911, was operative, or whether the time for the completion of the contract was extended one year by the agreement of August 26, 1911. The undisputed evidence shows that the remainder (39,307) of the bag-holders were never manufactured by the plaintiff. For this reason the plaintiff was not in a position to avail itself of the remedies provided for in the section of the code above referred to. Having agreed to a rescission of the contract by failing to complete it, the plaintiff's only remedy was to sue for damages for a breach of the contract. If such a suit had been brought, the plaintiff might have been entitled to recover the difference between the contract price and the market value at the time and place of delivery of the 4,360 bag-holders which it had manufactured; together with such other items of damage in the way of lost profits and special expenditures on

account of the contract, etc., as it might be able to prove. But the plaintiff did not adopt this remedy. It elected to sue on open account as for goods sold and delivered. This form of action is based upon the theory that there was a completed contract between the parties and that the defendants failed to pay in accordance with its terms. It is not available where goods bought have not been delivered and where there has been a breach of the contract of sale by reason of the defendants' refusal to accept goods bought; except that the indebtedness might be stated in the form of an account, if the plaintiff has stored the goods for the vendee as provided by the section of the code above cited. *Black v. Kaplan*, 9 *Ga. App.* 811 (72 S. E. 303); *Linder v. Cole &c. Co.*, 10 *Ga. App.* 102 (72 S. E. 719); *Oklahoma Co. v. Carter*, 116 *Ga.* 141 (42 S. E. 378); *Rounsaville v. Leonard Mfg. Co.*, 127 *Ga.* 735 (56 S. E. 1030). The plaintiff could not, under the evidence, recover on open account, without reference to whether its cause of action was for the breach of the original agreement, or upon the agreement of August 26, 1911, treated either as an extension of the original agreement or as an accord and satisfaction of it.

It was argued by counsel for the plaintiff in error that some items of the account sued on were not connected with the contract of purchase of the bag-holders, and that certainly as to these items the nonsuit was erroneous. It appears, however, from the undisputed evidence, that the defendants had paid to the plaintiff $1,820.13. This amount more than paid for the bag-holders which had been delivered, and for all of the other items on the account for which a recovery could be had in this form of action. The plaintiff was not entitled to recover either for the 4,360 bag-holders on hand or for the 39,307 bag-holders which had not been manufactured. There was no error in awarding a nonsuit.

*Judgment affirmed.*