5932, 5933.   MILL WOOD AND COAL COMPANY *et al. v.* FLINT
RIVER CYPRESS COMPANY; and *vice versa.*

BROYLES, J.   1. "The cardinal rule of construction [of contracts] is to ascertain the intention of the parties.   If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction."   Civil Code, § 4266.   In this case the contract itself, the conduct of the parties after it was executed, and all the at-

tendant circumstances (as shown in the petition and amendments thereto) leave little room for doubt that the intention of the parties was that both should be bound in the manner contended for by the plaintiff in the court below; and, that intention contravening no rule of law, and sufficient words having been used to express the intention, substantial justice requires that the contract be enforced.

2. The construction which will uphold the contract in whole and in every part is to be preferred, and the whole contract should be looked at in arriving at the construction of any part.    Civil Code, § 4268 (3). "Courts should guard with jealous care the rights of private contracts, and give to them full effect when possible so to do." *Mutual Life Insurance Co.* v. *Durden,* 9 *Ga. App.* 797 (3), 800 (72 S. E. 295). If the contract in the instant case was not binding on the seller, it was not binding on the purchaser either—it was void. In this case it is "possible" to construe the contract as binding on both parties; consequently it is not unilateral. See *Palmer Brick Co.* v. *Woodward,* 138 *Ga.* 289 (75 S. E. 480) ; 2 Snyder on Mines, § 1284.

3. Where a suit is brought for the breach of a written contract, under which the owner of a mill (the plaintiff) agrees to sell to the defendant "all of its refuse wood, known as stove-wood, which the party of the first part manufactures at its sawmill just north of the corporate limits of Albany, on the Leesburg road, from this date for and during the period of five years, [and] the party of the second part hereby purchases said wood on terms and conditions as hereinafter stated," and where the "party of the first part reserves the right to use for its own purposes and needs such amount of stove-wood as it may require in the operation of its business and for its own use only, agreeing not to sell the wood to other parties during the life of this contract," and where the defendant demurs to the petition as setting forth no cause of action, because it is based on a contract that is unilateral and incapable of enforcement so far as regards any future acts to be performed thereunder; and where an amendment to the petition is made, alleging the surrounding circumstances, such as that the mill was already manufacturing stove-wood at the average rate of 7½ cords per day when the contract was made, that the mill needed only a certain stated amount of wood, to wit, an average of 1¼ cords a day, to be used for its own purposes and needs, that this amount continued practically the same, and that it was in the contemplation of the parties that the mill would continue to manufacture stove-wood throughout the life of the contract just as it was manufacturing it when the contract was made, and that it was known by the parties at the time of making the contract that the needs of the mill required a definite and certain amount of stove-wood for its own use (an average of 1¼ cords a day), and that it would continue to require the same amount while the contract lasted, and that this also was in the contemplation of the parties at the time the contract was made, and that since the defendant's breach of the contract the plaintiff has continued to operate said mill and to manufacture stove-wood to the amount of 7½ cords a day, *held,* that such allegations in the amendment were material and relevant and were not subject to demurrer.   See *Palmer Brick Co.* v. *Woodward,* supra; *McCaw Manufac-*

*turing Co.* v. *Felder,* 115 *Ga.* 408 (41 S. E. 664) ; *Albany Power Co.* v. *City of Albany,* 133 *Ga.* 375, 381, 382 (65 S. E. 886) ; *Cohn* v. *Brown,* 7 *Ga. App.* 395 (66 S. E. 1038) ; *Oak City Cooperage Co.* v. *Kennedy,* 4 *Ga. App.* 344 (61 S. E. 499) ; National Furnace Co. *v.* Manufacturing Co., 110 Ill. 427; Hadden *v.* Dimick, 31 How. Pr. (N. Y.) 196; *Farmers Union Warehouse Co.* v. *Hollis,* 8 *Ga. App.* 339 (69 S. E. 33) ; Carey Emerson *v.* Pacific Coast Co., 96 Minn. 1 (104 N. W. 573, 1 L. R. A. (N. S.) 445, 113 Am. St. R. 603, 6 Ann. Cas. 973).

4. Where a fairly definite part of the output of a mill is sold for a period of five years, under a written contract, and the purchaser, after accepting the goods for several months, notifies the seller that he (the purchaser) will not carry out the contract any further, and thereupon the seller notifies the purchaser that he will advertise and resell the remaining goods contracted for, acting therein as agent of the buyer, and where he afterwards does advertise and resell the said goods to the best advantage possible, and at the then market price, but at a price less than the original purchaser agreed to pay, the measure of damages is the difference between the price which the original purchaser contracted to pay and the price at which the goods were resold. Civil Code, § 4131; *Southern Flour & Grain Co.* v. *St. Louis Grain Co.,* 11 *Ga. App.* 401 (75 S. E. 439) ; *American Manufacturing Co.* v. *Champion Manufacturing Co.,* 13 *Ga. App.* 551, 554 (79 S. E. 485) ; *Acme Brewing Co.* v. *Rahr Sons Co.,* 10 *Ga. App.* 564 (73 S. E. 955) ; *Sims-McKenzie Grain Co.* v. *Patterson,* 10 *Ga. App.* 742 (73 S. E. 1080) ; *Bridges Grocery Co.* v. *Dan Joseph Co.,* 9 *Ga. App.* 189 (70 S. E. 964) ; *Mendel* v. *Miller,* 126 *Ga.* 834 (56 S. E. 88, 7 L. R. A. (N. S.) 1184).

5. The amendment did not set forth a new cause of action.

6. In this case there was no joinder of causes of action ex contractu and ex delicto. It was a suit on account for wood already furnished, and for damages for breach of the contract, due to a refusal to accept wood to be furnished in future, and was as to each of these matters a suit ex contractu.

7. The petition as finally amended set forth a cause of action and was not subject to the demurrers, either general or special. The court erred in sustaining the special demurrer as to paragraphs 9 to 13, inclusive, of the original petition, and to paragraphs 14 to 16, inclusive, of the amendment to the petition, and in striking those paragraphs.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill.*

DECIDED JULY 31, 1915.

Action on contract; from city court of Albany—Judge Clayton Jones. June 16, 1914.

*Peacock & Gardner, R. J. Bacon, R. H. Ferrell,* for Mill Wood and Coal Co., et al.

*Pope & Bennet,* contra.