GRIGGS *et al.* v. BOARD OF EDUCATION OF ATLANTA *et al.*

PER CURIAM. 1. In 1898 the municipal authorities of the City of Atlanta adopted an ordinance as follows: "The Board of Education shall, in compliance with the duty now resting upon it, carefully consider and adopt the text-books to be used by the children in the public schools of this city, in each and every grade, and that, having done so, said Board shall not have the power to change any of said text-books in any grade before the expiration of five years, and said Board shall have the right every five years thereafter to change text-books." (City Code of Atlanta of 1910, § 2304.) *Held,* that the evident purpose of this ordinance was to direct the board of education to adopt text-books to be used in the public schools in each grade, and, after such adoption to prevent the board from changing any of such text-books in any grade before the expiration of five years therefrom. The added clause, that the board should have the right every five years thereafter to change text-books, was intended to carry out the same purpose. In so far as it imposed a duty upon the board of education to make adoptions of text-books after the first one, it was directory in character; and the fact that the board may have failed to adopt text-books, or make changes in those already existing, promptly at the end of a period of five years from the time when such adoption was made, would not prevent them doing so thereafter. Mere failure to act promptly upon the expiration of five years after an adoption of text-books would not operate as an affirmative readoption of the books formerly adopted, so as to prevent the board at a later time from acting in regard to the matter. *Jones* v. *Bank of Cumming,* 131 *Ga.* 614 (63 S. E. 36); *Milburn* v. *Glynn County,* 109 *Ga.* 473 (34 S. E. 848); *Justices of the Inferior Court* v. *House,* 20 *Ga.* 328; Gallup *v.* Smith, 59 Conn. 354 (22 Atl. 334, 12 L. R. A. 353, 358, and note); City of Uvalde v. Burney (Tex. Civ. App.), 145 S. W. 311.

2. The power to adopt text-books for the public schools of Atlanta is vested in the board of education, subject to the ordinances of the city on that subject. They have no authority to adopt a text-book for one year, or for any period less than five years, so as to authorize a change within five years after a book has once been adopted. If it is thought that a different rule should prevail, the mayor and general council may repeal or amend the ordinance; but the board of education has no authority to change the provisions of the ordinance so as to give the power, after once having adopted a text-book, to change it in less than five years from such adoption. Accordingly, when they formally adopt a text-book, although they declare that they do so for four years under the superior law contained in the municipal ordinance they would be without authority to change the text-book so adopted for use, until after the expiration of five years from its adoption.

3. Under the pleadings and evidence, after the expiration of five years from a previous adoption of text-books, there was no adoption of such books until the passage of the resolution by the board of education on July 22, 1915, and what was shown to have transpired previously

to that time did not in law amount to an adoption of what were known as the Frye's Geographies for the period of five years, so as to prevent the adoption of text-books at the last-named date.

4. No question as to the existence or legality of any contract between the board of education and either of the publishing houses to use the books of such publisher for any definite period is here involved; but the construction of the municipal ordinance in regard to the matter of adopting text-books by the board of education, and the time within which they could be changed.

5. It follows from what has been said above that there was no error in refusing to grant the injunction prayed.

6. There was no merit in the motion to dismiss the writ of error.

*Judgment affirmed. By five Justices, all concurring.*

SEPTEMBER 14, 1916.

Petition for injunction. Before Judge Pendleton. Fulton superior court. August 11, 1915.

*Claude C. Smith* and *James T. Wright,* for plaintiffs.

*W. H. Terrell, J. L. Mayson,* and *Charles T. & Linton C. Hopkins,* for defendants.