## 8491.  BLACKSTOCK, HALE & MORGAN *v.* PHILLIPS-JONES COMPANY INC.

1. The court did not err in its ruling on the demurrer to the original petition, or in overruling the demurrer to the petition as amended.
2. The record shows that at the time the defendants attempted to countermand the order, there had been such part performance of the contract as to take it out of the operation of the statute of frauds.
3. The testimony of D. F. Phillips was not inadmissible for the reasons urged.
4. The other alleged errors are not such as are likely to recur when the case is retried.
5. Under the facts of the instant case the remedy of the seller is by a suit for breach of contract, or by pursuing one of the statutory remedies pointed out in the Civil Code (1910), § 4131.

DECIDED FEBRUARY 19, 1918.

Complaint; from Fulton superior court—Judge Ellis. January 22, 1917.

*Joseph W. & John D. Humphries,* for plaintiffs in error.
*Mayson & Johnson,* contra.

BLOODWORTH, J. Only the ruling stated in the 5th headnote needs any elaboration. This was a suit on account for the price

of certain shirts sold by the plaintiff, Phillips-Jones Company, to the defendant, Blackstock, Hale & Morgan. The plaintiff alleged, in paragraph 9 of the petition, that the defendants refused to accept the goods, and that they "stored same as the property of defendants, and same are now stored as the property of defendants, and petitioners bring this suit and pray judgment for the purchase price with the interest," etc. The plea answering this paragraph put the plaintiff on proof of the allegation that it had stored the goods for the defendants. There was, however, no evidence to sustain this allegation that the property had been stored for the defendants. It is undisputed that (as shown by the testimony of Phillips, a director and the general manager of the plaintiff) the defendants countermanded the order for the shirts several months prior to the delivery to the carrier. Phillips admitted receiving a letter from the defendants on October 24, 1913, cancelling the order, and a letter from them on November 28, 1913, again cancelling the order, and notifying the plaintiff that they would not accept the goods. The goods were delivered to the carrier, as alleged in the petition, on April 30, 1914.

Under the facts of the case the remedy of the seller was by a suit for breach of contract, or by pursuing one of the statutory remedies pointed out in the Civil Code (1910), § 4131. As was said in *Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112): "The notice indicated above [countermand of the order for shipment], under the common law, operates as a breach of the contract by the vendee, and in such a case the remedy of the vendor is in an action to recover damages for such breach. Under the statute the vendor, after the purchaser refuses to take and pay for the goods, may in an action recover the price of the goods, where it appears that, after default of the purchaser, he stored and retained them for such purchaser. Under the evidence the statutory remedy was not available to the plaintiff in the present case, and his only remedy was a suit to recover damages for a breach of the contract. His action, as brought to recover the contract price of the goods, was not maintainable." The Supreme Court said in that case: "It must be ruled, from a consideration of the numerous cases cited above and the rule therein enunciated, which seems to be founded both in reason and justice, that a notice from the buyer of goods, such as appears in this case,

operates as a breach of the contract; and without attempting to harmonize the numerous cases arising in other jurisdictions as to the remedy which the law affords to the seller under such circumstances, we can reach such conclusion also on the law contained in our Civil Code [of 1895], § 3551 [Civil Code of 1910, § 4131], which prescribes that where the purchaser refuses to take and pay for goods bought, 'the seller may retain them and recover the difference between the contract price and the market price at the time and place for delivery; or he may sell the property, acting for this purpose as the agent of the vendee, and recover the difference between the contract price and the price on resale; or he may store or retain the property for the vendee and sue him for the entire price.' While under this last provision the seller might have stored and retained the property for the buyers after notice by the buyers that they would not receive the goods, it is sufficient to say that it did not do so, but, without so doing, sought to recover the price agreed on. Had it done so it might have brought an action against the buyers for the entire price of the goods. On the contrary, instead of storing and retaining the goods after the notice, it delivered them to the carrier, doubtless under the well-recognized general rule that in ordinary transactions of bargain and sale of goods, a delivery to the carrier is a delivery to the seller. It may be that the provisions of this section of our code do, to some extent at least, modify the rule found in some of the authorities above cited; but under its plain provisions, the remedy of the seller in this case was not to sue for the price of the goods, but it was remitted to its action for a breach of the contract." See also, to the same effect, *Rounsaville* v. *Leonard Mfg. Co.,* 127 *Ga.* 735 (4), 742 (56 S. E. 1030); *Robson* v. *Hale,* 139 *Ga.* 753-755 (78 S. E. 177); *Bridges* v. *McFarland,* 143 *Ga.* 581 (1) 583 (85 S. E. 856); *Carolina Cement Co.* v. *Columbia Co.,* 3 *Ga. App.* 486 (60 S. E. 279); *Black Co.* v. *Kaplan,* 9 *Ga. App.* 811 (72 S. E. 303); *Linder* v. *Cole Lightning Rod Co.,* 10 *Ga. App.* 102 (72 S. E. 719); *Ga. Agricultural Works* v. *Price,* 11 *Ga. App.* 82 (74 S. E. 718); *Southern Flour Co.* v. *St. Louis Grain Co.,* 11 *Ga. App.* 403 (75 S. E. 439); *American Mfg. Co.* v. *Champion Mfg. Co.,* 13 *Ga. App.* 555 (79 S. E. 485).

The suit in the instant case was for the price of the goods, not for breach of contract, and the plaintiff apparently recognized the

necessity of alleging, in order to maintain the action, that it had stored the goods for the vendees; but there was no evidence whatever to sustain this allegation, and therefore the case was not proved as laid. For this reason alone the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*