### 13741. LIMPERT BROTHERS INC. *v.* MAMOS *et . al.*

STEPHENS, J. 1. A petition in a suit for damages instituted by a seller against the purchaser for a breach of a contract of sale of personalty, which alleges that the seller had performed the contract, and that the purchaser, after having received some of the property contracted for and having refused to accept the balance, which balance the seller had retained and stored for the benefit of the purchaser as provided in the Civil Code (1910), § 4131, breached the contract by a failure to pay for the property received and also by a failure to accept and pay for the property refused, and which prays damages for the alleged breach, in an amount equal to the contract price for the property delivered, and also in an amount equal to the contract price for the property rejected, sets out a cause of action arising out of a breach of one contract. The petition contains no misjoinder of actions, is not duplicitous, and does not seek to recover upon both an open account and a contract. *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6, 10 (45 S. E. 730); *Mill Wood & Coal Co.* v. *Flint River Cypress Co.,* 16 *Ga. App.* 636 (6, 7) (85 S. E. 943).

2. A petition in such a suit which alleges that by the terms of the contract sued on the price to be paid for the property contracted to be sold is not definite and fixed, but is determinable by the price prevailing at the time of shipment, and which alleges an indebtedness in a certain amount by the purchaser to the plaintiff for goods bought and manufactured for the purchaser and delivered in accordance with the contract, is a suit upon the contract, to recover at the contract price, and is not a suit upon open account or quantum valebat.

3. A reaffirmance of liability under .the contract and a promise to the seller by the purchaser to perform the contract, made after the purchaser had given notice to the seller of a rescission of the contract on account of an alleged breach by the seller, amounted to a waiver by the purchaser of any right which he may have had to rescind the contract, and the seller was therefore authorized to perform the contract

by making delivery to the purchaser under the terms of the contract.

4. The petition as amended was good against the general and special demurrers, and the court erred in sustaining the demurrers and in dismissing the petition.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.<br>
Decided March 1, 1923.

Complaint; from city court of Richmond county — Judge Black. May 17, 1922.

Alexander & Lee, for plaintiff. W. I. Curry, for defendant.