14045. Automobile Battery Co. *v.* Geraghty & Co.

Bell, J. This was an action to recover the contract price of certain bulletin advertising, originally to have been paid in monthly installments, but the payment of which it was alleged was accelerated under a clause of the contract providing that if two or more consecutive payments should become past due or delinquent, the sum equal to the balance then owing should become payable. The contract was in writing and covered a period of 36 months, but provided for an extension for 36 months additional, "unless cancelled in writing by one of the parties hereto at least 90 days prior to the expiration of the first period of 36 months;" also that "it is mutually agreed that this contract cannot be cancelled by the second party without the consent of said first party, and that all the provisions of the same are stipulated herein, and no verbal agreements will be recognized." The court overruled a demurrer to the petition, based on the ground that the contract was unilateral, and sustained a demurrer of the plaintiff to certain portions of the defendant's answer, hereinafter to be indicated. At the close of the evidence the court directed a verdict in favor of the plaintiff. The defendant excepts to the overruling of its demurrer to the petition, to the sustaining of the plaintiff's demurrer to parts of the answer, to the exclusion of certain evidence offered by defendant during the trial, and to the direction of the verdict. *Held*:

1. The provision that one of the parties might cancel the contract 90 days prior to the expiration of the first period of 36 months, properly construed, has reference to the cancellation of the extension feature of the agreement. The provision that the contract should not be cancelled by the second party (the defendant) without the consent of the first party added nothing to the contract. It could not have been cancelled by either party in the absence of such a provision. The contract was not rendered unilateral by either of these provisions, and the demurrer to the petition was properly overruled.

2. The contract purports upon its face to show all the terms of the agreement of the parties, and expressly so stipulates.

3. Where parties have reduced to writing what appears to be a complete and valid contract, which moreover contains the stipulation "that all the provisions of the same are stipulated herein, and no verbal agreements will be recognized," it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire agreement, and parol evidence of prior or contemporaneous representations, statements, or agreements in regard to the subject-matter is inadmissible to add to, take from, or vary the written instrument. *Bond v. Perrin,* 145 *Ga.* 200 (1) (88 S. E. 954), s. c. 18 *Ga. App.* 179; *Pryor v. Ludden,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Barrie v. Smith,* 105 *Ga.* 34 (31 S. E. 121).

4. The mere making and violating of a prior or contemporaneous parol agreement inconsistent with the writing would not be such fraud as would permit the varying of the written instrument, no sufficient reason appearing why the agreement was not incorporated in the writing. *Dyar v. Walton,* 79 *Ga.* 466 (2) (7 S. E. 220).

5. Failure of consideration of a written contract can not be shown by proof of the breach of a parol agreement which is properly held to be no part of the written contract.

6. Applying the principles announced above in paragraphs 2, 3, 4 and 5, the court did not err in striking the 7th paragraph of the defendant's answer, alleging that the defendant was induced to sign the contract by reason of the false and fraudulent misrepresentations of the plaintiff that it "would give this defendant exclusive bulletin privileges for its business in the Savannah district," and that the plaintiff, "in violation of said inducing promise, sold similar bulletins" to one of the defendant's competitors, with the result that the bulletins sold to the defendant were rendered worthless; and evidence of the facts stated in this paragraph of the answer was properly excluded. It would have been improper to admit it even under the general denials of the answer. *Butler* v. *Standard Guaranty Co.*, 122 *Ga.* 371 (2) (50 S. E. 132); *Logan* v. *Bond*, 13 *Ga.* 192; *Chamlee* v. *Alverson*, 145 *Ga.* 637, 639 (89 S. E. 719).

7. For the same reasons, the court did not err in striking the first sentence of paragraph 8 of the defendant's answer, alleging that the plaintiff, through its agents and representatives, stated that unless the plaintiff company could procure at least five contracts in Savannah, it would not pay the plaintiff to place the bulletins, and that unless five were obtained, those already signed up would not be performed. If, however, this averment was intended to plead a condition precedent, to be complied with before the contract should become effective, it was insufficient, for the reason, if no other, that it failed to allege that the five contracts were not obtained. The remaining portion of paragraph 8 alleged that although the contract was made on June 22, 1920, with no time specified for its performance by the plaintiff, the plaintiff unreasonably delayed its performance for the period of six months, and that in January, 1921, before the plaintiff undertook to perform its contract, the defendant notified it not to erect the signs, but that the instructions were ignored. It is averred that the defendant should not be required to pay the plaintiff after such "unreasonable delay." The plaintiff in error in its brief assumes that all of paragraph 8 was stricken, and insists that this action of the court was erroneous; but an examination of the record discloses that the plaintiff demurred only to the first sentence of this paragraph, as stated above, and that this only was stricken, the remainder of the paragraph remaining.

8. On January 25, 1921, after the alleged notice by the defendant to the plaintiff not to erect the bulletins, and after the bulletins had been erected despite such notice, the defendant, in reply to a letter from the plaintiff demanding the payment of the first installment, wrote to the plaintiff as follows: "Beg to advise that before making remittance of $17.50 we would like to obtain from you the exact sites of these bulletins, so that we can see if they are satisfactorily installed. Upon receiving the above information we will forward check promptly." On January 28 the plaintiff by letter furnished the defendant with information as to the location of the bulletins as requested. On February 21, 1921, in response to a further demand by the plaintiff for payment,

the defendant wrote to the plaintiff as follows: " Relative to our ac-
count of $35, which you state is two months in arrears, we beg to ad-
vise that the reason that this has not been taken care of before was due
to the fact that we noticed on two of the signs that the paint has
started to fall off. At present Mr. Craig is out of the city, and upon
his return we will try and give all the signs the ' once over ' and let
you hear from us regarding same." These letters were introduced in
evidence by the plaintiff. By these writings the defendant waived its
right to insist upon either of the following defenses now sought to be
asserted: (1) that the beginning of the plaintiff's performance was
·unreasonably delayed; (2) that in view of the notice alleged in
paragraph 8 of the defendant's answer (as to which it submitted undis-
puted proof upon the trial), the plaintiff's only proper remedy was an
action for damages as for a breach of the contract by the defendant
then tendered. *Tuggle* v. *Green,* 150 *Ga.* 361 (2) (104 S. E. 85);
*Cornelius* v. *Anderson,* 25 *Ga. App.* 183 (2 *a*) (102 S. E. 925); *Chatham
Ice Cream Co.* v. *Sakakeeny,* 29 *Ga. App.* 768 (2 *b*) (116 S. E. 558);
*Cohen* v. *Arenson,* 29 *Ga. App.* 723 (116 S. E. 658); *Greene County Oil
Co.* v. *McCaw Mfg. Co.,* 9 *Ga. App.* 39 (70 S. E. 201). It is very
doubtful that the latter defense could in any event have been availing in
a case of this sort. *Phosphate Mining Co.* v. *Atlanta Oil & Fertilizer
Co.,* 20 *Ga. App.* 660 (1) (93 S. E. 532). This was a contract of con-
tinuing mutual obligations, and not such a contract for the sale of
goods as to render applicable the following cases: *Oklahoma Vinegar
Co.* v. *Carter,* 116 *Ga.* 140 (2) (42 S. E. 378, 59 L. R. A. 122, 94 Am.
St. Rep. 112); *Linder* v. *Cole,* 10 *Ga. App.* 102 (1) (72 S. E. 719).;
*Levy* v. *Bixler,* 20 *Ga. App.* 766 (2) (93 S. E. 233); *Blackstock* v.
*Phillips-Jones Co.,* 21 *Ga. App.* 774 (5) (95 S. E. 265); *Phillips-Jones
Co.* v. *Blackstock,* 23 *Ga. App.* 574 (90 S. E. 48).

9. No other reasons are urged for setting aside the verdict. No effort is
made either by the assignments or the briefs to bring the case within
the ruling of *Dolan* v. *Lifsey,* 19 *Ga. App.* 518 (5) (91 S. E. 913), that
" where the plaintiff bases his right to recover upon an express contract,
which is entire and indivisible, he can not recover unless he has per-
formed all his obligations under the contract."

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Complaint; from city court of Savannah — Judge Freeman.
October 12, 1922.

*Bouhan & Herzog, Simon N. Gazan,* for plaintiff in error.

*O'Byrne, Hartridge, Wright & Brennan,* contra.