## 16240. MILLER v. TIMMERMAN.

STEPHENS, J. 1. In a suit for the recovery of the purchase-price of an alleged definite number of feet of lumber at a definite price, which the plaintiff had shipped to the defendant, testimony of the plaintiff to the effect that he himself checked the lumber when it was loaded on a railroad-car for shipment, that the number of feet sued for was correct, and that the amount sued for was due by the defendant, was insufficient

---

Sales, 35 Cyc. p. 233, n. 98.
Trial, 38 Cyc. p. 1667, n. 85.

to establish as a fact that all the lumber shipped was of the grade contracted for, and that therefore the full amount sued for was correct, where the plaintiff elsewhere testified that he told the defendant that he (the plaintiff) thought that all of the lumber "but about twenty or twenty-five pieces would check out," authorizing an inference that the lumber was not of the grade contracted for, and where there was positive testimony for the defendant, not denied by the plaintiff, that a substantial number of feet of the lumber were culls and not of the grade contracted for. The only testimony tending to establish the correctness of the amount sued for being that of the plaintiff himself, which must be construed most strongly against him, the evidence failed to furnish sufficient data to authorize the verdict found in the full amount sued for.

2. Where from uncontradicted evidence it appeared that the lumber shipped had been actually received by the defendant, although he contended that some of it did not come up to the specifications of the contract and that he had not accepted it as being in compliance with the contract, the court, after charging in effect, as provided in section 4137 of the Civil Code (1910), that after acceptance of goods purchased, the presumption is that they are of the quality ordered, did not err in stating to the jury that it was undisputed that the lumber shipped had been "received and accepted" by the defendant. The charge is not subject to the exception that the court instructed the jury that the defendant, in receiving the lumber, meant to waive his rights as respects that portion of the lumber which did not measure up to the specifications of the contract.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1926.

Complaint; from city court of Valdosta—Judge Little. December 19, 1924.

*Franklin & Langdale,* for plaintiff in error.

*John B. Odum,* contra.