### 16982.   MOORE *v.* FLOWERS LUMBER COMPANY.

JENKINS, P. J. 1. "Where one deliberately signs a promissory note for a stated sum, without informing himself as to the correctness of the amount named, but relies upon the promise of the other party to the contract that it would be revised so as to correct errors, the maker will not be heard to contradict the written instrument by setting up such parol understanding in opposition thereto. The terms of the writing can not be defeated upon the ground of mistake made at the time the instrument was executed, when it thus appears that it was not even the intention of the signer that the settlement was to be accurate and final, but that under an oral agreement the terms of the instrument were to be varied and revised according to the true state of facts that might thereafter appear. *Wilson* v. *Bush*, 22 *Ga. App.* 83 (95 S. E. 317); *Dyar* v. *Walton*, 79 *Ga.* 466 (7 S. E. 220); *Brack* v. *Brantley Co.*, 134 *Ga.* 495 (67 S. E. 1128). And see *Atlanta Journal* v. *Power*, 27 *Ga. App.* 280 (108 S. E. 121). Applying this rule to the allegations of the defendant's plea in this case, the court did not err in sustaining the demurrer thereto." *Slacer* v. *Ehrlich*, 22 *Ga. App.* 285 (95 S. E. 1016).

---

Evidence, 22 C. J. p. 1227, n. 65 New; p. 1255, n. 53.

2. There was no error in overruling the defendant's motion for a new trial, which was based upon general grounds only.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED APRIL 20, 1926.  ADHERED TO ON REHEARING JUNE 14, 1926.

Complaint; from city court of Barnesville—Judge Darsey presiding.    October 9, 1925.

*C. J. Lester,* for plaintiff in error.    *Leon C. Greer,* contra.

### ON REHEARING.

JENKINS, P. J. A rehearing was granted the plaintiff in error, it being set forth in his motion therefor that the clerk failed to send up one of the specified amendments to his plea, which had been allowed, and which set up the delivery of a specified car of lumber by the defendant to the plaintiff for which he owed, and for which defendant claimed credit by way of set-off to the note sued on. It appears, however, from the amendment itself, which has been sent up by the clerk and is now before us, that the amount thus claimed does not purport to consist of a set-off arising subsequently to the settlement had at the time the note was given in liquidation of the balance due, but relates to a transaction antedating the liquidation of the account by the giving of the note sued on. The note sued on was dated August 21, 1923, and was for $922.89; and evidences a credit of $200 by a payment made on October 8, 1923. In the original plea the defendant averred: "that at the time the note sued on was given, W. H. Flowers Jr., one of the plaintiff company, came to see defendant at his place of business and represented to defendant that his company was in a strait for money, that they were compelled to raise some money immediately, and told this defendant that if he would sign the note that they, plaintiff company, could use it to raise money. This defendant then and there declined to sign the note and told Mr. Flowers that the note was for too much, that defendant did not owe the plaintiff that amount. Defendant then and there told Flowers that no settlement had been made between the plaintiff and defendant, and that defendant did not know how much he was really due plaintiff. Then said W. H. Flowers Jr. urged this defendant to sign the note sued on, repeating that they just had to get up some money right away, and stated that if defendant would give the note that they would go over the accounts later and have a full settlement, and that if the amount was not right they would

22

correct it and make it right; said he was in a hurry and did not have time then to go over the matter and see how the accounts between defendant [and] plaintiff stood. Defendant then and there insisted the note was for more than was due plaintiff, but, after the statements and promises on the part of W. H. Flowers to correct any mistake as to the amount found to be due on a settlement, this defendant agreed to and did sign the note sued. Defendant knew that he was due plaintiff some amount, but was confident then that the note presented was for more than defendant was due, and so stated to Mr. Flowers as aforesaid, but under his promise to later go over and check up the accounts with defendant and have full settlement, and that if the amount of the note was not correct that the plaintiff would make it right and correct any mistake as to the amount of the note, under this promise and agreement defendant, reposing full confidence in the promises made, signed the note sued on, believing that the plaintiff would make good the agreement and promise to correct any mistake in the note. Defendant would not have signed the note but for the promise and agreement aforesaid."

The original plea of the defendant setting up certain credits to which he would be entitled on a settlement, including the disputed shipment subsequently set forth in the last amendment to the plea, and embodying the language quoted above, was demurred to by the plaintiff, and the demurrer was sustained by the court. The court allowed the amendment referred to, setting up a set-off, under which the case was tried, which was filed without objection and was in terms as follows: "Now comes the defendant in the above-stated case and amends his original plea and answer in said case, and pleads as follows, to wit: that at the time plaintiff commenced the above-stated case against defendant said plaintiffs were, and still are, indebted to this defendant in the sum of $510.16 upon an open account for one car of lumber sold and shipped to the order of plaintiff, to wit: said car of lumber was shipped for plaintiff in car B. & O. No. 170003, and was shipped on the 19th day of May, 1923, and contained 21,267 feet of boards, and the price agreed on to be paid by plaintiff is $24.00 per thousand feet, amounting to said sum of $510.16. Defendant prays that said amount or sum be set off against the plaintiff's claim sued on."

On the trial of the issue raised by the amendment the evidence

disclosed that the shipment referred to therein was made under the identical contract under which all the other shipments were made, and by the terms of the amendment itself the disputed shipment was made long prior to the giving of the note in liquidation, and prior to the credit entered thereon. It follows, therefore, that the case is controlled by the principle set forth in the syllabus, since the plea of the defendant and the evidence submitted thereunder bring the case squarely within the operation of that rule. Moreover, irrespective of the ruling indicated as controlling, while the case made by the defendant on the disputed shipment was strong, we do not think that under all the evidence submitted, as construed in the light of all the proved surrounding facts and circumstances, including the implied admissions of the defendant, a finding for the plaintiff on that question of fact would have been absolutely unauthorized as a matter of law.

*Judgment adhered to on rehearing.*