17628.  JOYNER *v.* REYNOLDS BROTHERS LUMBER CO.

BELL, J.  1. In this action upon a promissory note, in which the defendant pleaded partial failure of consideration by reason of an alleged "shortage" in the quantity of goods purchased, the testimony having conclusively established that the defendant had reasonable opportunity to discover the deficiency, if existing, prior to the execution of the note sued on, it thus appears, as a matter of law, that any defense which might have been available as a result thereof was waived. *Gamble* v. *Knott,* 40 *Ga.* 199 (2) ; *Moore* v. *Flowers Lumber Co.,* 35 *Ga. App.* 336 (133 S. E. 650).

2. Moreover, the defendant having testified that he "counted the bundles," but "did not count the individual pieces," and did not know of his own knowledge "what amount there was, you could not tell anything about it on account of the bundles," "found some of it short," but "could not tell how much of it was short." . . "No man can tell how much was short until he counts it out," and there being no other evidence on that question, the averments of the plea with regard to the alleged shortage were not sustained, and a verdict in favor of the defendant on such issue would not have been authorized. Compare *Kiser Co.* v. *Mendel Department Store,* 32 *Ga. App.* 194 (122 S. E. 794) ; *Miller* v. *Timmerman,* 35 *Ga. App.* 83 (132 S. E. 138).

3. An agreement between a manufacturer of goods and another as sales agent, which merely provides that the latter shall represent the former "as sales agent for the territory from Thomasville, Georgia, north, south, and east," and shall receive a certain commission on all goods "sold in said territory," is too vague and indefinite with respect to territory to entitle the alleged agent to commissions on sales made independently of any effort or contribution by him, although he might perhaps recover for sales resulting directly or indirectly from his

Agency, 2 C. J. p. 775, n. 37; p. 777, n. 55; p. 780, n. 77.
Sales, 35 Cyc. p. 213, n. 32; p. 573, n. 75.
Trial, 38 Cyc. p. 1575, n. 22.

services. It follows that the defendant's plea of set-off of certain commissions alleged to be due him on sales made by the plaintiff, which commissions, as appears from the answer, were claimed solely because of such contract, was ineffectual to set forth any defense.

4. The defendant's evidence being insufficient to sustain the plea of partial failure of consideration, and the plea of offset being fatally defective, and no other defense being made, the court did not err in directing a verdict in favor of the plaintiff for the alleged balance of the note sued on. *Hindman* v. *Raper*, 143 *Ga.* 643 (2) (85 S. E. 843).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 16, 1927.

Complaint; from city court of Valdosta — Judge Cranford. July 20, 1926.

*Little & Dickerson, Copeland & Dukes,* for plaintiff in error.

*R. E. L. Spence Jr.,* contra.