## VIRGINIA–CAROLINA CHEMICAL CORPORATION v. FULLER.

### No. 45.

District Court, N. D. Georgia, Newnan Division.

Nov. 4, 1940.

Heard W. Dent, of Atlanta, Ga., and Jones & Atkinson, of Newnan, Ga., for plaintiff.

Leon L. Meadors, of LaGrange, Ga., for defendant.

RUSSELL, District Judge.

Plaintiff sued defendant upon a promissory note originally in the principal sum of $7,124.18, which had been reduced by twenty-five payments credited over a period of a year and a half to the principal sum of $4,875.16, and seeks a special lien upon real estate described in a deed to secure debt executed contemporaneously with the note and to secure its payment.

Defendant by answer admits the execution of the note. He asserts that he was an agent for the sale of fertilizer for the plaintiff and was to receive certain specified compensation; sets up the method of charges against him by the plaintiff at an arbitrary price, which was not the selling price, and sets forth a custom of adjustments on the selling price authorized and commissions which were made at the end of each season, which is alleged to end July 1st of each year.

He alleged that the original contract provides that statements be rendered by

plaintiff to defendant showing the complete transaction at the end of each season. The contract is not attached. It is averred that in 1937 no definite statement was rendered. That on or about June 20, 1937 defendant did receive an itemized statement through the mail, but within thirty minutes after its delivery and before he could check it to determine its accuracy an agent from the plaintiff came to his place of business and asked for the statement stating it was in error and requested that it be returned for correction, stating that a correct statement would be furnished immediately thereafter, but no statement has ever been rendered though repeatedly requested.

On June 29, 1937 the agent came to defendant's place of business and requested a note in the full sum of $7,124.18, which defendant alleges represented the gross price charged without usual and authorized deductions. In the handling of such accounts in the fertilizer trade, it was the custom of the agent, and defendant, to execute a note before the close of the season at the base price billed before the goods sold had been paid for and before the total and correct amount could be known. That "therefore, neither party to the note understood, agreed, or intended that the execution of the note was in full, final or complete settlement between them, but to the contrary both understood and agreed that the adjustments referred to would be made so as to arrive at and determine the just and correct amount defendant should pay plaintiff, and that defendant would only owe and be required to pay that just and correct amount". That the parties could not and did not know the correct amount and thereby resulted a "mutual mistake" on the part of both.

Acting on the agent's advice and statement that the plaintiff knew defendant did not owe the amount of the note, and with the understanding that the fixed price charged would be adjusted to the actual amount due, the defendant executed the note with the expectation that the Company would comply with the custom allegedly followed. It is alleged that if the plaintiff did not intend to make the adjustment, the obtaining of his signature to the note and deed fraudulently procured the delivery thereof, and by such fraud rendered the note and deed inoperative and void.

Defendant sets up the result of his dealings for 1937, claiming an indebtedness to him of $499.38. It is alleged that part of the consideration of the note was the plaintiff's agreement to furnish him the itemized statement and to enter accurate amount of adjustments as a credit on the note, and based upon this failure he claims that the consideration of the note has failed in that the plaintiff has not furnished the statements or made the adjustments and given the credits.

Plaintiff moves first to dismiss the counterclaim of the defendant because the same fails to state a claim upon which relief can be granted, and second, for a judgment upon the pleadings.

So far as concerns the portion of the defense seeking to assert in avoidance of the validity of the note the alleged promise for subsequent adjustment, it is apparent that this allegation, standing alone, presents no defense to the suit upon the note. Wilson v. Bush, 22 Ga.App. 83, 95 S.E. 317; Stacer v. Ehrlich, 22 Ga. App. 285, 95 S.E. 1016, et cits.; Byrd v. Marietta Fertilizer Co., 127 Ga. 30, 56 S. E. 86, et cits.; Automobile Battery Co. v. Geraghty & Co., 30 Ga.App. 446(4), 118 S.E. 412.

The rule announced in the cases cited would forbid the introduction of evidence to show such an agreement, and thereby contradict the explicit promise to pay a certain amount. The plea of mistake of fact is not maintainable because under the statements of the plea both parties knew that the amount was not correct. Moore v. Flowers Lumber Co., 35 Ga.App. 336, 133 S.E. 650.

So unless the defendant's case is aided by the attempted plea of failure of consideration, the motion of plaintiff for judgment on the pleadings should be sustained. It is noticed that the plea of failure of consideration is twofold, that the defendant did not owe the total amount called for by the note, and that the plaintiff failed to furnish a statement as promised. Both of these relate to matters contemporaneous with the execution of the note. It is apparent that the primary consideration of the note was settlement of the account. Some $2,200 has been paid by defendant.

"A maker of a note, when sued, always has the right to show by parol, if he can, a want or failure of consideration, but he

484

will not be allowed to prove that his obligation to pay was dependent or conditional upon the promisee's compliance with a prior or contemporaneous agreement not expressed in the note, unless the execution of the note was procured by fraud, accident, or mistake." Dixon v. Bond, 18 Ga.App. 45, 51, 88 S.E. 825, 828, et cits. The defendant can not show failure of consideration, under the facts alleged without first engrafting upon the note conditions which make his obligation to pay, admittedly executed, dependent and conditioned upon the agreement to adjust credits and furnish a written statement. There being no reference to these matters in the writing, it can not be added by parol. See Brewer v. Grogan, 116 Ga. 60, 61, 42 S.E. 525; Johnson v. Cobb, 100 Ga. 139, 28 S.E. 72; Sasser v. McGovern, 11 Ga.App. 88, 74 S.E. 797; Byrd v. Marietta Fertilizer Company, supra; Ramsey-Fender Motor Car Co. v. Chapman, 46 Ga.App. 385(2), 168 S.E. 92.

The defendant's plea is not aided by the allegation as to the custom in his dealings with the plaintiff. Georgia Annotated Code, Sec. 20-704(3).

The plea likewise fails to present any confidential or fiduciary relationship between the parties which would justify defendant in relying on the alleged promise of the plaintiff's agent and thereafter predicating upon the breach of such promise a charge of fraud which would render the note void.

It follows that the counterclaim of the defendant is not enforceable and should be dismissed, and that the motion of plaintiff for judgment upon the pleadings should be granted.